## COMMONWEALTH vs. GREGORY BABB.

Suffolk. December 7, 1982. — May 25, 1983.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law. *Practice, Criminal,* Citation for violation of motor vehicle law, Dismissal. *Supreme Judicial Court,* Superintendence of inferior courts.

The record of the trial of complaints charging motor vehicle violations, and a stipulation of the parties, made evident that the trial judge had intended to dismiss the complaints for failure of the police to comply with the requirements of G. L. c. 90C, § 2, and that, despite endorsements on the complaints "Adjudicated N.G.," the judge had not made an adjudication of guilt or innocence, and consequently double jeopardy considerations did not preclude the Commonwealth from seeking review of the dismissal of the complaints. [281-282]

Inasmuch as the Commonwealth had no right to appeal an order of a District Court judge dismissing a criminal complaint prior to the 1979 amendment of G. L. c. 278, § 28E, it was entitled to seek review of such an order by a petition under G. L. c. 211, § 3. [282-283]

Although police officers had violated G. L. c. 90C, § 2, in filing in a District Court citations for vehicular homicide more than three days after they were written and in failing to file applications for complaints, these violations did not require dismissal of the vehicular homicide complaints where the defendant's arrest on the day of the accident on other serious charges arising from the same occurrence ensured that the purposes of the statute to provide notice and prevent abuses would not be thwarted. [283-284]

Where it appeared that dismissal of vehicular homicide complaints in a District Court might have influenced the defendant in withdrawing his appeals to a jury session of convictions on related charges of motor vehicle offenses, this court, in holding that the vehicular homicide convictions should not have been dismissed, concluded that if the defendant was to be convicted on either of the homicide complaints he should have a right to appeal the related convictions within the time allowed for appeal in the homicide cases. [285-286]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on May 21, 1979.

The case was heard by *Quirico*, J.

*William C. Newman* for the defendant.

*Stephen R. Kaplan*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J.  The Commonwealth brought a petition in the Supreme Judicial Court for Suffolk County under G. L. c. 211, § 3, seeking relief from the action of a judge of a District Court dismissing two complaints charging the defendant with homicide by a motor vehicle.  See G. L. c. 90, § 24G, inserted by St. 1976, c. 227.  The defendant appeals from an order of a single justice granting relief. We affirm.

This case arises out of a motor vehicle accident which occurred on Pleasant Street in Ware, Massachusetts between 3 P.M. and 4 P.M. on May 2, 1978, when a motor vehicle operated by the defendant went from side to side in the road, striking and damaging a traffic sign, a utility pole, and a parked motor vehicle, and also striking and seriously injuring Lori Chrabaszcz who was seated on her bicycle at the side of the road.  Lori died from those injuries on May 28, 1978.  The defendant left the scene on foot without making himself known, and he was not at the scene when police officers of the town of Ware arrived there shortly after the accident.

The defendant was arrested that same day at about 7:15 P.M. and was served with citations for operating a motor vehicle while under the influence of intoxicating liquor. G. L. c. 90, § 24 (1) (*a*), operating a motor vehicle without a license, G. L. c. 90, § 10, operating a motor vehicle negligently so that the lives and safety of the public might be endangered, G. L. c. 90, § 24 (2) (*a*), leaving the scene after knowingly causing damage to property, G. L. c. 90, § 24 (2) (*a*), and leaving the scene after knowingly causing injury to a person, G. L. c. 90, § 24 (2) (*a*).  On the following day the defendant was arraigned in the District Court on five complaints charging him with the crimes set

forth above, and he entered a plea of not guilty to each complaint. The defendant was released on bail and the cases were continued for trial.

The five complaints had not been tried by May 28, 1978, the day on which Lori Chrabaszcz died from her injuries. Two days later the police mailed citations to the defendant at his home, informing him that he would be charged with vehicular homicide resulting from his alleged operation of a motor vehicle while under the influence of intoxicating liquor and operation of a motor vehicle negligently so that the lives and safety of the public might be endangered. The police delivered copies of the citations to the office of the clerk of the District Court of Eastern Hampshire. The trial judge found that this was done on June 3 or June 5, 1978, but in any event it was done more than three days after the citations were issued. He also found that the police had failed to file an application for a complaint. On June 5, 1978, two complaints were issued. One charged the defendant with operating a motor vehicle while under the influence of intoxicating liquor, and by such operation causing the death of Lori Chrabaszcz. The other charged the defendant with operating a motor vehicle negligently so that the lives and safety of the public might be endangered, and by such operation causing the death of Lori Chrabaszcz. The defendant absented himself from the Commonwealth from the date of Lori's death on May 28, 1978, until February 26, 1979. He appeared in court on that date and entered pleas of not guilty on the vehicular homicide complaints.

The defendant waived his right to an immediate jury trial of the seven complaints and he was tried by a District Court judge without a jury pursuant to G. L. c. 218, § 26A. Before trial the parties stipulated, for purposes of the bench trial, that there existed "facts sufficient on the following matters which are subject to the Commonwealth's proof:

"1. operation of the vehicle in question by the defendant, Gregory Babb;

"2. operation of the vehicle in a negligent manner so that the lives and safety of the public might be then and there endangered;

"3. causation, that is, that the death of the victim, one Lori Chrabaszcz, was caused by virtue of the accident by Mr. Babb's operation."

At the conclusion of the evidence, counsel for the defendant filed a document entitled "Defense Memorandum in Support of a Finding of Not Guilty." He then orally argued that the judge was required to find the defendant not guilty on all seven complaints because of the Commonwealth's failure to present evidence that it had complied with the provision of G. L. c. 90C, § 2, as amended through St. 1968, c. 725, § 3, requiring that "[i]f the police officer has directed that an application for a complaint be filed, said police chief or person authorized by him shall deposit the parts of the citation designated as the request for a complaint, *together with a duly executed application for a complaint* and the duplicate registry of motor vehicles record, with the court having jurisdiction over the offense at a time no later than three days after the date on which the citation was written, Sundays and holidays excepted" (emphasis added).

Immediately following arguments by defense counsel and the prosecutor, the judge made a statement in open court which indicated that he believed that the arguments which had just concluded were arguments on a motion by the defendant to dismiss all the complaints. In fact defense counsel had not filed or argued a motion to dismiss the complaints but instead had argued a motion for a finding of not guilty on the seven complaints. Nevertheless, the judge discussed *Commonwealth v. Clinton*, 374 Mass. 719 (1978), which held that the trial judge in that case erred in denying the defendant's motion to dismiss because of the police delay in depositing the citation with the court until eight days after the offense. He concluded that the requirement of G. L. c. 90C, § 2, that "a duly executed application for a complaint" be deposited with the part of the citation "desig-

nated as the request for a complaint" was mandatory and that since the police had filed no such "application for a complaint" the two complaints charging vehicular homicide had to be dismissed. He stated: "These complaints issued on vehicular homicide have to be dismissed." The judge further concluded: "The three days rule has been violated, and the Court so finds, which traditionally makes these complaints [charging vehicular homicide] subject to dismissal, which is an absolute rule, under Section 2." The judge added that for the two reasons stated above, "[s]ection 2 was violated, and for that reason, I'm going to grant the motion to dismiss these two complaints."

At some time after making the statements described above, the judge wrote on the outside of each of the complaints charging the crime of vehicular homicide "5/11/79 hearing — Motion for dismissal allowed — Adjudicated N.G. AJM." The letters "N.G." stand for "Not Guilty," and the letters "AJM" are the initials of the judge.

The judge found the defendant guilty on all the complaints except the two that charged vehicular homicide. He filed the complaint charging operating a motor vehicle without a license, fined the defendant $125 on the complaint charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor, fined the defendant $250 on the complaint charging the defendant with operating a motor vehicle negligently so that the lives and safety of the public might be endangered, fined the defendant $100 on the complaint charging the defendant with leaving the scene after knowingly causing damage to property, and sentenced the defendant to two years in the house of correction, six months of which was to be served, on the complaint charging the defendant with leaving the scene after knowingly causing injury to Lori Chrabaszcz. The defendant appealed the convictions to a jury of six pursuant to G. L. c. 218, § 27A, but subsequently withdrew those appeals. The sentences have been executed.

The Commonwealth filed a petition in the Supreme Judicial Court for Suffolk County asking the single justice to ex-

ercise his powers under G. L. c. 211, § 3, to require the trial judge to certify the facts found by him in disposing of the vehicular homicide complaints, and to require the trial judge to enter such judgment as the single justice might determine to be appropriate. The defendant moved to dismiss the proceedings before the single justice on the ground that neither G. L. c. 211, § 3, nor any other statute, gave the single justice the authority to grant the requested relief, and on the further ground that the requested relief would place the defendant in jeopardy twice, in violation of his constitutional, statutory and common law rights.

After hearing argument by counsel for the parties, the single justice entered an order requiring the trial judge to make findings and to report those findings and additional information as specified in the order. The judge complied with that order. He reported that, assuming the validity of the vehicular homicide complaints, the Commonwealth had proved beyond a reasonable doubt that the defendant committed the crimes charged in those complaints, but that he (the judge) had ruled that the complaints were invalid because of lack of compliance with G. L. c. 90C, § 2, by the police. The judge reported that it was for this reason that he had dismissed the complaints, that the dismissals were not based on a judicial determination that the defendant was not guilty, and that the part of the endorsement on the complaints that said "Adjudicated N.G." was in error and should be disregarded. After receipt of the judge's report, judgment was entered in the county court in accordance with the order of the single justice as follows:

"(1) that the action taken by the District Court of Eastern Hampshire on May 11, 1979, with reference to complaints of the Commonwealth v. Babb, Nos. 18300 and 18301, each charging the defendant named therein with the crime of vehicular homicide, purported to be an order dismissing each complaint, and did not constitute an adjudication that the defendant was not guilty on either of such complaints;

"(2) that the entry of the orders by the District Court of Eastern Hampshire on May 11, 1979, purporting to dismiss the two complaints described in the preceding paragraph

constituted legal error, and such orders are hereby reversed; and

"(3) that the Judge of the District Court who entered the orders of dismissal which are reversed in the preceding paragraph of this Judgment, shall, on the basis of the evidence and stipulations received by him at the trial held in the District Court of Eastern Hampshire on May 11, 1979, make a decision and cause an appropriate judgment to be entered on each of the complaints Nos. 18300 and 18301 charging Gregory Babb with the crimes of vehicular homicide pursuant to G. L. c. 90, § 24G." The order for judgment was contained in a detailed memorandum analyzing the facts and the applicable law. The single justice was not in error.

We must first consider the exact nature of the action taken by the District Court judge. "[W]hat constitutes an 'acquittal' is not to be controlled by the form of the judge's action. . . . Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States* v. *Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977). *United States* v. *Scott*, 437 U.S. 82, 96 (1978). Police compliance with G. L. c. 90C, § 2, is not an essential element of vehicular homicide. *Commonwealth* v. *Freeman*, 354 Mass. 685, 687 (1968). The single justice correctly concluded from the events at trial and the stipulation of the parties that the trial judge intended to dismiss the two complaints in question for failure of the police to comply precisely with the requirements of G. L. c. 90C, § 2, and that he did not intend to make, and did not make, a determination of the defendant's guilt or innocence of the crimes charged in the two complaints. It is clear, as the single justice also concluded, that the writing of the legend "Adjudicated N.G." on each of the two complaints was inadvertent, and that the quoted legend was inconsistent with the judge's announced intention to dismiss the two complaints without an adjudication of the defendant's guilt or innocence. These conclusions are not only

supported by the stipulation and the events at trial, but they are further supported by the report of the trial judge in response to the order of the single justice.

The defendant's memorandum in support of a finding of not guilty and his oral argument presented to the trial judge at the close of the evidence were designed to avoid conviction, "not because of his assertion that the Government ha[d] failed to make out a case against him, but because of a legal claim that the Government's case against him must fail even though it might [have satisfied] the trier of fact that he was guilty beyond a reasonable doubt. . . . [T]he defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause [of the United States Constitution] if the Government is permitted to appeal from . . . a ruling of the trial court [dismissing a criminal complaint]." *United States* v. *Scott, supra* at 96-99. The Commonwealth's right to seek relief under G. L. c. 211, § 3, is not precluded by double jeopardy considerations.

On May 21, 1979, when the Commonwealth filed its petition for review under G. L. c. 211, § 3, the only statute which expressly authorized the Commonwealth to appeal from an order dismissing a criminal complaint was G. L. c. 278, § 28E, but that statute authorized an appeal only as to orders entered in the Superior Court for the dismissal of felony cases. The orders with which we are concerned were entered in the District Court in two misdemeanor cases, so they were not within the statute. General Laws c. 278, § 28E, was amended by St. 1979, c. 344, § 45, effective July 1, 1979, to provide that an appeal may be taken by the Commonwealth "from the district court to the appeals court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion to suppress evidence," but the amendment does not govern the present case. The single justice determined that when the present

petition was filed there was no other practical remedy available to the Commonwealth for review of the trial judge's order, that the petition raised a matter of general significance to the administration of justice in the Commonwealth, and that, if the order of the District Court judge was erroneous, this court's exercise of its extraordinary powers under G. L. c. 211, § 3, was warranted. We agree with the single justice, and hold that review under G. L. c. 211, § 3, was appropriate. We turn now to consider whether he abused his discretion or committed an error of law in determining the merits of the Commonwealth's petition.

General Laws c. 90C, § 2, commonly known as the "no-fix" law, was designed to prevent the manipulation and misuse of traffic citations, and to provide prompt and definite notice of the nature of the alleged offense to the putative violator. *Commonwealth* v. *Pappas*, 384 Mass. 428, 431 (1981). Although the procedures of G. L. c. 90C, § 2, must be enforced with appropriate strictness, *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978), this court and the Appeals Court on numerous occasions have held that failure to comply with the statute is not fatal where the purposes of the statute have not been frustrated. The Appeals Court has recently addressed the subject in *Commonwealth* v. *Perry*, 15 Mass. App. Ct. 281 (1983). The following quotation from the opinion in that case is pertinent: "It was early held that in cases of arrest, the § 2 procedures were inapplicable even though the text mentioned no such exception: suspicion of 'fix' could not arise in that situation and the offender was put on adequate notice. *Commonwealth* v. *Gorman*, 356 Mass. 355, 357-358 (1969). *Commonwealth* v. *Shea*, 356 Mass. 358, 359-360 (1969). See *Commonwealth* v. *Pappas*, 384 Mass. 428, 430 n.2 (1981). So also the cases make clear that the very seriousness of particular charges tends to minimize the importance of absolute observance of the procedures because, again, 'fix' is virtually excluded, and notice is implicit. *Commonwealth* v. *Pappas, supra* at 431-432 (seriousness a factor in excusing some delay in delivering citation). *Commonwealth* v. *Pro-*

*vost,* [12 Mass. App. Ct. 479, 483-484 (1981)] (same). Cf. *Commonwealth* v. *Giannino,* [371 Mass. 700,] 704 [1977] (notice superfluous where crime requires actual knowledge). Furthermore, as long as the goals of the statute are not thwarted, flaws of detail in its observance can be overlooked, *Commonwealth* v. *Stockwell,* 356 Mass. 341, 342 (1969) (fault in filling out citation); *Commonwealth* v. *Jones,* 9 Mass. App. Ct. 103, 111 (1980), rev'd on other grounds, 382 Mass. 387 (1981) (additional citation for third death not required); *Commonwealth* v. *Drew,* 11 Mass. App. Ct. 517, 522 (1981) (citations designated as requests for complaints not filed with applications for complaints), or the terms of the statute may be glossed in order to contribute to its sensible administration. *Commonwealth* v. *Wade,* 372 Mass. 91, 93 n.3 (1977) (suggests interpretation to cover statutory omission)." *Id.* at 284.

The defendant was arrested on the day of the accident. He immediately was charged with drunk driving, driving so as to endanger, and leaving the scene after causing personal injury and property damage. "It is inconceivable that the defendant would be unaware of the seriousness of a situation in which his vehicle . . . struck a pedestrian. It is equally unlikely in such circumstances that police officers responding at the scene would regard this as a minor accident in which their discretion concerning whether to [apply for a complaint] would be absolute and unchecked." *Commonwealth* v. *Pappas, supra* at 431-432. Thus, the purposes of the statute to provide notice and prevent abuses have not been thwarted by the delay in depositing the parts of the citations designated as requests for a complaint or by the failure to file duly executed applications for a complaint. The single justice correctly ruled that the vehicular homicide complaints should not have been dismissed.

Our holding that the vehicular homicide complaints should not have been dismissed does not end the matter. The case is now in a posture much like that in *Elder* v. *Com-*

*monwealth,* 385 Mass. 128 (1982). In that case a Superior Court judge sitting without a jury in a criminal case heard all the evidence and took the case under advisement. Thereafter he declared a mistrial for reasons which we held were not sufficient to justify declaration of a mistrial. *Id.* at 129, 133-134. We held that "there is no reason why this jury-waived proceeding should not now be completed," *id.* at 134, and that "[n]othing remains to be done except for the judge to decide the case and order appropriate judgments to be entered. . . . The defendant may, of course, preserve all appellate rights seasonably asserted by him. It follows that we need not here reach the double jeopardy arguments of the defendant." *Id.* at 135. *Elder* v. *Commonwealth* is controlling here. The vehicular homicide complaints remain at the status quo before they were dismissed. *Commonwealth* v. *Graham,* 388 Mass. 115, 127 (1983).

The judgment of the single justice is affirmed. The case is remanded to the District Court for an adjudication by the trial judge of the defendant's guilt or innocence on the vehicular homicide complaints, and for sentencing, if appropriate. The defendant shall have a right of appeal to a jury of six pursuant to· G. L. c. 218, § 27A.

We are aware that the trial judge's dismissal of the vehicular homicide complaints may have contributed to the defendant's decision to withdraw his appeals to a jury of six of the convictions of operating negligently so as to endanger and of operating under the influence of liquor. We think it is appropriate, therefore, that if the defendant is convicted by the trial judge of vehicular homicide, the defendant shall have the right to appeal the operating negligently so as to endanger and operating under the influence of liquor convictions, to a jury of six, within the time allowed for appeal of the vehicular homicide conviction or convictions. We note that the stipulation referred to earlier in this opinion was limited to the bench trial. If the vehicular homicide complaints are tried to a jury on appeal, the burden will be on the Commonwealth to prove all the elements of that crime, including a causal relationship between the defendant's conduct and Lori Chrabaszcz's death.

Since the elements of the crime of leaving the scene after causing personal injury, and leaving the scene after causing property damage, are not common to vehicular homicide, considerations of fairness do not suggest that late appeals from those convictions should be permitted. However, if the defendant is adjudicated guilty of vehicular homicide, the bench trial judge, and the jury of six judge on appeal, in their discretion, may give consideration to the sentence already served on the complaint of leaving the scene after causing personal injury.

*So ordered.*