COMMONWEALTH *vs.* DOMINIC R. BARBUTO, JR. June 18, 1986. *Motor Vehicle,* Citation for violation of motor vehicle law. *Practice, Criminal,* Citation for violation of motor vehicle law.

A District Court judge allowed the defendant's pretrial motion to dismiss a motor vehicle complaint in three counts because of a delay in the issuance of citations. The defendant was charged with failing to keep within marked lanes, driving to endanger, and leaving the scene of an accident after causing personal injury. We reverse and reinstate the complaint.

We take the facts from the judge's brief findings, supplemented by undisputed evidence in the record. On May 29, 1984, a collision occurred in Wayland between a vehicle being driven by the defendant and a vehicle being driven by one Alison Watt, with Marcy Ann Trager as a passenger. The defendant caused the accident by driving in the wrong direction in the lane in which the victims were traveling. There was considerable damage to both vehicles, and both Trager and Watt were injured. At the scene, the defendant briefly inquired of the victims about their condition but then drove off in his disabled vehicle without exchanging papers or identifying himself to the victims. At no subsequent time did he attempt to communicate with the victims or with the police.

---

Officer Ruth Backman of the Wayland police arrived at the scene of the accident after the defendant had left. She picked up from the road some automobile parts which were not from the victim's vehicle. From the victims she obtained a generalized description of the defendant, their recollections of a few numerals from his license plate, and a description of the license plate as being white with green lettering. Officer Backman ran the license plate numbers she had been given through the Registry of Motor Vehicles. She obtained no useful results. She also ascertained that the automobile parts she had picked up from the road came from a 1983 Chevrolet Capri wagon. Within a week of the accident, she regarded the case as "at a dead end." Then on August 12, 1984, by chance, she overheard a conversation at the Wayland police station between the defendant and another person. What she heard caused her to believe that the defendant was feeling some guilt about an accident or fight involving the use of alcohol which might have occurred at some time in the past. The defendant's appearance was consistent with the general description given by the victims. At about the same time, Officer Backman noticed in the police parking lot a 1983 Chevrolet Capri wagon with a New Hampshire license plate bearing numbers similar, but not identical, to those provided to her by the victims. She deduced that the vehicle belonged to the defendant. She checked the license plate numbers with New Hampshire authorities and learned that the station wagon belonged to a leasing company. She did nothing further with the investigation until November. On November 10, 1984, Officer Backman obtained a photograph of the defendant. On November 16, 1984, Trager, who was attending school in another part of the State, identified the defendant's photograph. On November 19, 1984, the next business day, citations were issued.

General Laws c. 90C, § 2, appearing in St. 1982, c. 586, § 2, provides, in pertinent part, that "[a] failure to give a copy of the citation to the violator at the time and place of violation shall constitute a defense in any trial for such violation." "The Legislature, however, tempered that requirement by permitting certain exceptions to allow delay of the issuance of the citation." *Commonwealth* v. *Gammon, ante* 1, 3-4 (1986). These exceptions are "where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator, or where the court finds that a circumstance, not inconsistent with the purpose of this section to create a uniform and simplified method for disposing of violations of automobile law, justifies the failure." G. L. c. 90C, § 2, third par. In such circumstances, a citation must be issued "as soon as possible after such violation." *Ibid.*

There was a lapse of 174 days between the accident and the issuance of the citations. The Commonwealth has the burden of establishing that one of the statutory exceptions justified the delay. *Commonwealth* v. *Mullins,* 367 Mass. 733, 734-735 (1975). *Commonwealth* v. *Provost,* 12 Mass. App. Ct. 479, 482 (1981). For a substantial portion of the period between

the accident and the issuance of the citations, the investigating officer had a suspect but failed to take active steps to pursue the investigation. We assume, for example, that she could have attempted to obtain information from the leasing company.

Nevertheless, the peculiar circumstances of this case do not justify dismissal of the complaints. Additional time was reasonably necessary to determine the identity of the violator. The difficulty the Wayland police encountered in pinning down the defendant's identity was the result of the defendant's unlawful act of leaving the scene of the accident. Before November 16, 1984, there was a basis for suspicion that the defendant was involved but no basis for reasonable certainty. A cautious investigating officer could prudently have deferred any final conclusions as to identity pending the receipt of more definite information. Trager's identification of the photograph provided the basis for reasonable certainty. See *Commonwealth* v. *Provost,* 12 Mass. App. Ct. at 482-483; *Commonwealth* v. *Gammon, supra* at 8. Compare *Commonwealth* v. *Marchand,* 18 Mass. App. Ct. 932 (1984).

The District Court judge concluded that the delay in the investigation between August and November "constitute[d] a flouting of the statutory scheme." This court has stated that the dismissal of complaints even without proof that a defendant suffered actual prejudice is called for "where an important feature of the statutory arrangements was flouted through sloth or sheer inattention of the police." *Commonwealth* v. *Perry,* 15 Mass. App. Ct. 281, 283 (1983). We do not think this case falls within that principle. Even conceding that the investigation should have proceeded more expeditiously, where a defendant has acted unlawfully to evade detection, we will not second guess an officer's failure to pursue a particular investigative lead, the expected results of which were questionable at best.

On numerous occasions, where the purposes of the statute are not frustrated, failure to comply strictly with its requirements has not been fatal to the prosecution. This is another such occasion. The dual objectives of the citation requirement are to prevent or discourage corrupt manipulations ("no fix") and to assure early notice to the offender about the violation with which he is being charged and that it is to be the subject of a complaint and not merely a warning. *Commonwealth* v. *Pappas,* 384 Mass. 428, 431 (1981). *Commonwealth* v. *Babb,* 389 Mass. 275, 283 (1983). *Commonwealth* v. *Perry,* 15 Mass. App. Ct. at 283. The situation was not one in which the suspicion of "a fix" could arise. Nor was the objective of providing the offender with notice relevant as the violation was serious, unlike most traffic infractions which are "fleeting and nonserious." *Commonwealth* v. *Pappas,* 384 Mass. at 431. Moreover, we think it would be inconsistent with "the express purpose stated by the statute, 'namely, to cause violators of automobile laws to be brought uniformly to justice,'" *Commonwealth* v. *Provost,* 12 Mass. App. Ct. at 485, to hold that charges as serious as these must be dismissed because the police waited to issue a citation to an offender, who had left the scene of an accident, until they were reasonably

certain of his identity. Compare *Commonwealth* v. *Giannino,* 371 Mass. 700, 704 (1977). We note that the defendant has shown no actual prejudice resulting from the delay.

The order dismissing the complaint is reversed, and the complaint is reinstated.

*So ordered.*

*Ellis M. Enlow,* Assistant District Attorney, for the Commonwealth.
*Donald L. Conn, Jr.,* for the defendant.