COMMONWEALTH *vs.* DONALD R. CAMERON, THIRD.

No. 92-P-348.

Bristol. October 15, 1992. - January 27, 1993.

Present: WARNER, C.J., DREBEN, & IRELAND, JJ.

Further appellate review granted, 414 Mass 1106 (1993).

*Motor Vehicle*, Citation for violation of motor vehicle law. *Practice, Criminal*, Citation for violation of motor vehicle law.

A judge correctly dismissed a complaint charging certain motor vehicle violations on the ground that a police officer did not issue a traffic citation to the defendant at the time and place of the alleged violations, as required by G. L. c. 90C, § 2, but instead issued him a citation four days after the incident, where the Commonwealth failed to show that some circumstance, which did not contravene the legislative purpose of the statute, justified the delay in issuing the citation to the defendant. [46-48] DREBEN, J., dissenting.

COMPLAINT received and sworn to in the New Bedford Division of the District Court Department on August 23, 1988.

On transfer to the jury session of the Fall River Division, the case was heard by *Robert L. Anderson*, J., on a motion to dismiss.

*Cynthia A. Vincent*, Assistant District Attorney, for the Commonwealth.

*Lee J. Fortier* for the defendant.

IRELAND, J. The defendant was charged with operating to endanger in violation of G. L. c. 90, § 24, failure to stay within marked lanes in violation of G. L. c. 89, § 1, and speeding in violation of G. L. c. 90, § 17, in the Fall River District Court. After the case was transferred to the jury of six session, the defendant filed a motion to dismiss the complaint because the police officer failed to comply with G. L. c. 90C, § 2, having issued the citation to the defendant four days after the motor vehicle incident occurred. The District Court judge granted the defendant's motion. The Common-

wealth appeals, claiming that the delay in issuing the citation did not frustrate the legislative purposes of the statute, and therefore the dismissal was not warranted. We affirm the dismissal.

1. *The facts.* On April 27, 1988, Officer Thomas Soares of the Dartmouth police was called to the scene of a motor vehicle accident on Chace Road. When he arrived at the scene, Officer Soares observed a Ford Escort automobile parked perpendicular to the westerly curb of the road. The vehicle's windshield was smashed and there was damage to the front end and roof. A teenage boy, who appeared seriously injured, and his bicycle, were lying in the northbound lane of Chace Road. The officer administered first aid and called an ambulance for the boy.

The officer learned that the defendant, the operator of the vehicle, had run behind a house along the road. The defendant, who appeared to be in shock, gave the officer his license and registration. He was then taken home by a friend at the scene. The officer spoke with a witness at the scene who was traveling behind the boy on the bicycle in the northbound lane of Chace Road. The witness observed the boy's bicycle suddenly turn ninety degrees left into the southbound lane. The defendant, traveling in the southbound lane, was unable to stop and struck the boy.

Officer Soares and another officer measured the skid marks, calculated the position of the defendant's car and the boy's bicycle, and took photographs of the scene over the course of the next two hours. Later in the evening, Officer Soares learned that the boy's condition was serious and he thought the boy would die. The following day, April 28, 1988, the officer continued his investigation of the incident and concluded that the defendant's car was traveling over the speed limit, and crossed the double solid line which separated the northbound and southbound lanes prior to hitting the boy's bicycle. On April 29 and April 30, 1988, Officer Soares was off-duty.

On May 1, Officer Soares learned from the boy's mother that his condition had stabilized. He then telephoned the de-

fendant and informed him that a citation would be issued for operating to endanger, speeding, and failure to stay within marked lanes.

2. *The failure to cite.* The failure of a police officer to give a copy of a traffic citation to the violator at the time and place of the alleged traffic violation constitutes a defense in any court proceeding for that violation. G. L. c. 90C, § 2. *Commonwealth* v. *Ryan*, 22 Mass. App. Ct. 970, 971-972 (1986) (unexplained delay of six days in issuing citation required dismissal of charge). The objectives of the citation requirement "are to prevent or discourage corrupt manipulations . . . and to assure early notice to the offender about the violation with which he is being charged and that it is to be the subject of a complaint and not merely a warning." *Commonwealth* v. *Barbuto*, 22 Mass. App. Ct. 941, 943 (1986). When a defendant files a motion to dismiss on grounds that a citation was not issued at the time and place of the alleged violation, the Commonwealth has the burden of establishing that one of the statutory exceptions justifies the delay under G. L. c. 90C, § 2. *Commonwealth* v. *Gammon*, 22 Mass. App. 1, 6 (1986). See also *Commonwealth* v. *Mullins*, 367 Mass. 733, 734-735 (1975); *Commonwealth* v. *Barbuto*, 22 Mass. App. Ct. at 942.

An exception to the statute exists "where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator," or where the court finds that some other circumstance that does not contravene the policy of the statute justified the delayed citation. G. L. c. 90C, § 2 (1990 ed.). In such circumstances, a citation must be issued "as soon as possible after such violation." *Ibid.*

The Commonwealth argues that the delay in issuing the citation did not frustrate the legislative purposes of G. L. c. 90C, § 2. Specifically, the Commonwealth asserts that the defendant was put on notice of the possibility of being charged with a traffic violation due to the seriousness of the accident. See *Commonwealth* v. *Nadworny*, 30 Mass. App. Ct. 912, 913 (1991). The Commonwealth also asserts that

the officer did not act egregiously in his delay, and therefore, the statute's "no-fix" purpose had not been frustrated.

The Commonwealth's argument that the legislative purposes of the statute were not frustrated in this case is misplaced. The Commonwealth is required to show that some circumstance, which does not contravene the legislative purpose of the statute, justified the delay in issuing a traffic citation to the defendant. The Commonwealth does not offer, nor do we find, any justification. In his memorandum of decision granting the motion to dismiss, the motion judge found that Officer Soares had sufficient information on April 27 (the day of the incident) or April 28 at the "latest" to issue the citation. The judge concluded that the officer erroneously believed that he had to learn whether the boy would live or die before he could issue the citation.[1] There was no evidence in this case that further investigation, beyond April 28, was necessary before the citation could be issued. Compare *Commonwealth* v. *Pappas*, 384 Mass. 428, 432-433 (1981) (necessary investigation caused the delay in citation); *Commonwealth* v. *Barbuto*, 22 Mass. App. Ct. at 943 (where defendant acted unlawfully to evade detection, complaints were reinstated despite delay in citation). We need not address whether the officer's two days off would have justified the delay since he had the opportunity to cite the defendant on April 28, while he was still on duty. The officer's misapprehension of the law, which caused him to wait until he ascertained the boy's condition, was not a justification for the delay. See *Commonwealth* v. *Ryan*, 22 Mass. App. Ct. at 972 (deciding that a misapprehension of the required procedures was no justification for the delay in issuing citations for motor vehicle violations).

In spite of the seriousness of the accident, we are constrained to apply the statute. The defendant need not show

---

[1]The judge inferred that the officer believed he had to issue a citation for negligent homicide in the event of a fatality. General Laws c. 90C, § 2, was amended in 1986 to exclude application of the statute to a complaint in which a motor vehicle violation resulted in one or more deaths. St. 1986, c. 620, § 18.

that he was prejudiced by the delay. *Commonwealth* v. *Mullins*, 367 Mass. at 734-735. *Commonwealth* v. *Roviaro*, 32 Mass. App. Ct. 956 (1992).

*Order affirmed.*

DREBEN, J. (dissenting). It is my view that the complaints should not have been dismissed. In *Commonwealth* v. *Babb*, 389 Mass. 275, 283 (1983), the Supreme Judicial Court noted that "[t]his court and the Appeals Court on numerous occasions have held that failure to comply with the statute is not fatal where the purposes of the statute have not been frustrated." For example, the procedures of G. L. c. 90C, § 2, were inapplicable in the case of arrest, "even though the text mentioned no such exception: suspicion of 'fix' could not arise in that situation and the offender was put on adequate notice. . . . So also the cases make clear that the very seriousness of particular charges tends to minimize the importance of absolute observance of the procedures because, again, 'fix' is virtually excluded, and notice is implicit." *Commonwealth* v. *Babb*, 389 Mass. at 283, quoting from *Commonwealth* v. *Perry*, 15 Mass. App. Ct. 281, 284 (1983).

Although, in the present case, the judge, based on the officer's testimony — the officer was the sole witness — found that "the defendant would apparently . . . not have known of the seriousness of the offense since he was described several times by the officer as 'in shock,' " the evidence does not support a conclusion that the defendant was unaware of the event prior to receiving the citation four days later.

When the officer arrived, the bicyclist was lying on the road with blood protruding from his head and a liquid coming out of his ears. While the defendant may not have seen the extent of the bicyclist's injuries, his running away and hiding behind some houses indicate some awareness of the incident. He was able to give the officer his license and registration. He was taken home from the scene by some friends and it is unlikely that they did not inform him of what had

occurred. The condition of his vehicle also was notice to him that something serious had happened. There was, in the officer's words, "a lot of damage" — the windshield was smashed and the roof and front were damaged. In these circumstances, as in *Commonwealth* v. *Babb, supra,* and *Commonwealth* v. *Pappas,* 384 Mass. 428 (1981), "[it] is inconceivable that the defendant would be unaware of the seriousness of a situation in which his vehicle . . . struck a pedestrian" [prior to receiving the citation four days later]. *Id.* at 431-432. "It is equally unlikely in such circumstances that police officers responding at the scene would regard this as a minor accident in which their discretion concerning whether to [apply for a complaint] would be absolute and unchecked." *Babb, supra* at 284.

The seriousness of the injury also invokes the exception of G. L. c. 90C, § 2, making the statute inapplicable "where additional time was reasonably necessary to determine the nature of the violation."[1] The officer believed the boy would die. If so, a different offense would have been involved. In this situation, a two-day delay to ascertain the boy's condition was not unreasonable. "A cautious investigating officer could prudently have deferred any final conclusions as to [the offense] pending the receipt of more definite information." *Commonwealth* v. *Barbuto,* 22 Mass. App. Ct. 941, 943 (1986). Since "the purposes of the statute to provide notice and prevent abuses have not been thwarted by the [two-day] delay" to determine the boy's condition, see *Commonwealth* v. *Babb,* 389 Mass. at 284, I would reinstate the complaints.

---

[1] The last sentence of the third paragraph of G. L. c. 90C, § 2, may also be of significance in assessing the reasonableness of the officer's action. Had the bicyclist died, as the officer expected, the statute would have been inapplicable. See note 1, *supra,* of majority opinion.