COMMONWEALTH *vs.* ROBERT CARAPELLUCCI.

Suffolk. April 5, 1999. - May 13, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law. *Practice, Criminal,* Citation for violation of motor vehicle laws. *Evidence,* Consciousness of guilt, Relevancy and materiality. *Restitution.*

Where police officers did not deliver or mail a copy of a traffic citation to the alleged violator "as soon as possible after [the] violation" once they had ascertained his identity, as required by G. L. c. 90C, § 2, the complaint that issued should have been dismissed on the alleged violator's motion, where there was no justification for the failure. [580-582]

COMPLAINT received and sworn to in the Boston Municipal Court Department on June 20, 1996.

The case was tried before *Raymond G. Dougan, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul M. Yee* for the defendant.

*Alex Philipson,* Assistant District Attorney, for the Commonwealth.

FRIED, J. The defendant was convicted by a jury of six of the motor vehicle offenses of operating with a suspended license, leaving the scene of an accident involving personal injury, and leaving the scene of an accident involving property damage.[1] We transferred his appeal to this court on our own motion. We reverse the judgments of conviction and order that the complaint against the defendant be dismissed because the police failed to comply with G. L. c. 90C, § 2.

I

Early in the morning of April 25, 1996, Boston police officers

[1]The defendant's conviction of failing to stop for a police officer was placed on file. He was found responsible for four civil traffic violations which were also placed on file.

patrolling the Charlestown section of Boston were forced to brake suddenly to avoid hitting an automobile that cut them off at an intersection. The officers followed the car into the North End of Boston as it sped up and collided head on with a lamp post. The officers saw the driver of the automobile flee the scene of the accident on foot. One of the officers attended to the passenger of the car, who was bleeding from the forehead but was not seriously injured. She appeared intoxicated, and her contact lenses had been knocked from her eyes by the impact of the collision. The other officer, having seen in an alleyway a man resembling the man who had fled from the automobile, asked the passenger if this man had been the driver. She responded that he had. The next day, however, the passenger called the officer to report that she had gone to court to observe the arraignment and that the man who had been arraigned was not the automobile's driver and that she had never seen him before. She told the police at that time that the driver had been Robert Carapellucci, the defendant. By May 3, the police had learned the defendant's address and had written out citations and attached them to an application for a complaint. They did not, however, deliver or mail copies of the citations to the defendant at that or any other time. On June 20, a show cause hearing was held, and the next day a summons was issued notifying the defendant to appear in the Boston Municipal Court on July 17. Before trial, the defendant moved to dismiss the complaint for failure to comply with G. L. c. 90C, § 2.

## II

The defendant argues that the failure of the police to mail or deliver to him a copy of the traffic citations requires dismissal of the complaint against him. General Laws c. 90C, § 2, pertaining to motor vehicle citations, provides that "failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation." Exceptions are provided where "the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator, or where the court finds that a circumstance, not inconsistent with the purpose of this section . . . justifies the failure." *Id.* When such an exception applies, "the violation shall be recorded upon a citation as soon as possible after such violation and the citation shall be delivered to

the violator or mailed to him . . . ." *Id.* Where the require-ments of the statute are not followed, the complaint shall be dismissed regardless of whether the defendant was prejudiced by the failure. See *Commonwealth* v. *Mullins,* 367 Mass. 733, 735 (1975); *Commonwealth* v. *Perry,* 15 Mass. App. Ct. 281, 283 (1983).

In this case, it would have been impossible for the police to give the defendant a copy of the traffic citation at the time and place of the violation because he had fled the scene. Moreover, until the next day the police believed that another individual was the guilty party. Therefore, the exceptions for cases in which "the violator could not have been stopped" and in which "additional time was reasonably necessary to determine . . . the identity of the violator" applied. The complaint against the defendant must be dismissed, however, because the police did not issue a citation and mail or deliver it to the defendant "as soon as possible after such violation." G. L. c. 90C, § 2. Rather, as the Commonwealth concedes, no copy of the citation was ever mailed or delivered to the defendant.

The Commonwealth has provided no reason why the failure to comply with the statute should be excused. The Com-monwealth argues that one of the statute's purposes, "afford-[ing] prompt and definite notice of the nature of the alleged of-fense to the putative violator," *Commonwealth* v. *Cameron,* 416 Mass. 314, 316 (1993), quoting *Commonwealth* v. *Pappas,* 384 Mass. 428, 431 (1981), was not thwarted because the defendant was provided with ample notice of the charges against him. But, despite the police officers' knowledge of the defendant's identity on April 26 and knowledge of his address by May 3, the defendant received no notice of the charges until June 17, when a summons issued for him to appear in the Boston Municipal Court on July 17. This is not a case in which the serious injuries resulting from the traffic violation or the arrest of the defendant at the time of the incident put the defendant on notice of the potential charges against him and created an ineradicable record of the event. See, e.g., *Commonwealth* v. *Pappas, supra* at 431 (accident resulting in death); *Com-monwealth* v. *Gorman,* 356 Mass. 355 (1969) (arrest). In such cases, delays in giving the citation to the defendant have been excused in order to further the statute's express purpose, bring-ing violators of automobile laws "uniformly to justice." *Gor-man, supra* at 358.

Nor is this a case involving a mere "flaw[] of detail" that may be overlooked in order to promote the statute's broader goals. *Commonwealth* v. *Perry, supra* at 283-285. This is not a case in which the police delayed briefly in delivering the citation to the defendant or handed the citation to a close relative of the defendant rather than the defendant himself. Such technical errors have sometimes been excused. See, e.g., *Commonwealth* v. *Russo*, 30 Mass. App. Ct. 923 (1991) (police gave citation to defendant at hospital one hour after accident rather than at scene of accident); *Perry, supra* (police handed citation to defendant's father outside defendant's hospital room rather than to defendant due to his physical condition). The police here completely disregarded the statutory mandate to mail or deliver the citation to the defendant "as soon as possible." G. L. c. 90C, § 2. They failed to mail or deliver the citation at all.

The resulting delay in notice, not excused by any "circumstance" other than inattention by the police, contravened the statutory goal of "insuring that a motorist, who has not been arrested, receives immediate notice of the violations with which he is charged, and whether a complaint or merely a written warning will issue." *Commonwealth* v. *Gorman, supra* at 357-358. See *Pappas, supra* at 431; *Commonwealth* v. *Giannino*, 371 Mass. 700, 703 (1977); *Commonwealth* v. *Ryan*, 22 Mass. App. Ct. 970 (1986). The second purpose of the statute, known as a "no-fix" law, see *Cameron, supra* at 316, is preventing "manipulation or misuse of the citation process." *Id.* at 316 n.2. This goal is also furthered by the prompt issuance of a citation to the defendant or, as we have mentioned, some other event such as his arrest or the causing of a serious injury, which creates such a record that manipulation is extremely unlikely. The defendant's convictions must be vacated and the complaint dismissed. See *Perry, supra* at 283 ("where an important feature of the statutory arrangements was flouted through sloth or sheer inattention of the police, the subsequent complaint has been dismissed").[2]

### III

The defendant argues that he was prejudiced by the erroneous admission of evidence that he telephoned the passenger after

---

[2]Dismissal being a harsh and automatic remedy, it is only available where the failure to comply with the statute is raised before commencement of the trial, as it was here.

the accident to tell her that he was sorry it had happened. Although we need not reach this issue because the complaint must be dismissed, we comment on it briefly, as it was fully briefed and argued to us. The defendant argues that expressions of sympathy and regret are inadmissible. The cases on which he relies, however, set out the rule, applicable in civil liability cases, that expressions of sympathy have "no probative value as an admission of responsibility or liability." *Denton* v. *Park Hotel, Inc.*, 343 Mass. 524, 528 (1962). See *Casper* v. *Lavoie*, 1 Mass. App. Ct. 809, 810 (1973). That rule is inapplicable in this criminal case.

Evidence, including statements by the defendant, showing consciousness of guilt are admissible to prove that the defendant committed the crime charged. See *Commonwealth* v. *Fernandes*, 427 Mass. 90, 93-94 (1998); *Commonwealth* v. *Sullivan*, 410 Mass. 521 (1991); *Commonwealth* v. *Kerrigan*, 345 Mass. 508, 513 (1963), cert. denied, 377 U.S. 1004 (1964). In this case, the passenger testified that the defendant had telephoned her after the accident and told her that he was sorry, that he would never do anything to hurt her, and that he almost bit off his tongue in the collision. Many types of statements have been ruled relevant evidence of consciousness of guilt. See *Fernandes, supra* at 93-94 (defendant's statements that he wished coventurer would stop talking about crime and that he did not want to go to jail); *Commonwealth* v. *Clarke*, 418 Mass. 207, 215 (1994) (defendant's discussion about disposing of murder weapon); *Commonwealth* v. *MacKenzie*, 413 Mass. 498, 507-508 (1992) (defendant's statement that he never meant to hurt victim); *Sullivan, supra* at 526 (defendant's statements providing false alibi); *Commonwealth* v. *Tyree*, 387 Mass. 191, 201 n.5 (1982), cert. denied, 459 U.S. 1175 (1983) (defendant's lack of regret at victim's death); *Commonwealth* v. *Watson*, 377 Mass. 814, 831 (1979) (defendant's false statements to police), *S.C.*, 409 Mass. 110 (1991); *Kerrigan, supra* at 513 (same); *Commonwealth* v. *Goetzendanner*, 42 Mass. App. Ct. 637, 640 (1997) (defendant's statements begging complaining witness to recant). The statements made by the defendant in this case fall within the range of what may be considered relevant evidence of consciousness of guilt. Although these statements could not serve as the sole evidence supporting conviction, see *Commonwealth* v. *Niland*, 45 Mass. App. Ct. 526, 530 (1998), they were relevant as evidence of consciousness of guilt. There was no error in permit-

ting the jury to consider this testimony along with the rest of the evidence presented.

## IV

At the Commonwealth's request, the trial judge ordered the defendant to pay $3,385 in restitution. The prosecutor told the judge that this amount covered the cost of the engine damaged in the collision, rental car costs, and title costs. No evidence was introduced to show that the amount requested reflected the costs incurred, and no hearing was held despite defense counsel's request for one. Because the complaint against the defendant must be dismissed and the sentences vacated, we need not consider whether this failure would require reversal of the restitution order. We note, however, that a trial judge's failure to afford the defendant a "meaningful opportunity to challenge the amount of money ordered to be repaid" as restitution when the defendant requests such a hearing would be a ground for vacating that portion of the sentence and remanding for a new sentencing proceeding. *Commonwealth* v. *Nawn*, 394 Mass. 1, 6-9 (1985).

## V

In light of the violation of G. L. c. 90C, § 2, as discussed above, the judgment of the Boston Municipal Court is reversed and the complaint is dismissed.

*So ordered.*