NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-20

COMMONWEALTH

vs.

ZACHARY P. HARRIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged in District Court with negligent operation of a motor vehicle and with a marked lanes violation. He moved to dismiss the citation as untimely issued in violation of the "no-fix" law, G. L. c. 90C, § 2.  A judge denied the motion after an evidentiary hearing.  The defendant then entered a conditional plea, preserving his denied motion to dismiss for appeal.  We agree with the judge that an exception to § 2 applies, and thus we affirm the order denying the motion to dismiss.

Background.  We summarize the judge's findings of fact, which we accept absent clear error.  Commonwealth v. O'Leary, 480 Mass. 67, 67 (2018).  On the morning of May 12, 2023, on

Route 2 in the town of Gill, the defendant was involved in a three-car head-on accident when he took his eyes off the road and veered into oncoming traffic. All three cars were seriously damaged; one was smoking. The defendant and the victims in both of the other cars were all transported to the hospital. One victim was pregnant at the time and would be monitored going forward; another sustained a fractured rib. A third victim was having trouble breathing at the scene and was eventually transferred by airlift to another hospital.

Though the accident occurred in Gill, emergency response crews from multiple surrounding towns responded to assist at the scene. The Gill police chief also requested State police and crime scene services assistance to photograph and reconstruct the scene. The collision accident reconstruction services (CARS) unit documented where each vehicle came to rest and the surrounding damage to the pavement to then create a digital map of the scene.

State troopers interviewed the defendant at the hospital. The defendant told them that he had taken his eyes off the road to retrieve a bagel and look at his phone when he veered into the oncoming lane, causing the accident. The defendant further acknowledged his understanding that all three vehicles were seriously damaged.

2

One week after the accident, the Gill police chief issued the citation to the defendant.  For the reasons that follow, we affirm the order denying the defendant's motion to dismiss and hold that the citation was not untimely issued in violation of G. L. c. 90C, § 2, because the statute's third exception applies.

Discussion.  We review determinations on issues of law de novo.  Commonwealth v. Ilya I., 470 Mass. 625, 627 (2015).  Commonly known as the "no-fix" law, G. L. c. 90C, § 2, requires that police record automobile law violations and issue a citation "as soon as possible" after the incident, and further provides that "failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation."  The statute then sets forth three main exceptions to this requirement:

> "[1] where the violator could not have been stopped or [2] where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator, or [3] where the court finds that a circumstance, not inconsistent with the purpose of this section to create a uniform, simplified and non-criminal method for disposing of automobile law violations, justifies the failure."

Id.

The defendant argues that the Gill police chief did not comply with the requirements of § 2 when he issued a citation one week after the accident.  Because the defendant's identity

3

and all material facts for the citation were known to police by the end of the day of the accident, the defendant argues that none of the exceptions apply. Specifically, he argues that no circumstances justified the delay in issuing the citation, and contends that he was not on notice that charges could result at a later date.

The Commonwealth argues that the delay was justified and not inconsistent with the purposes of the statute, and that the severity of the accident sufficiently put the defendant on implicit notice that charges might result.[1]

1. Circumstance not inconsistent with the purpose of the statute. We agree with the Commonwealth that a circumstance not inconsistent with the purpose of the statute justified the failure to issue a citation at the scene of the accident.[2]

We determine the applicability of the third exception with reference to the dual purposes of § 2. The first purpose,

---

[1] Alternatively, the Commonwealth argues that the delay was reasonably necessary for the police's ongoing investigation into the nature and extent of the violation. Because we hold that the third exception applies, we need not reach this argument.

[2] Although the text of the no-fix law refers to "a circumstance," the Supreme Judicial Court's cases do not appear to require the police to identify a specific circumstance which justifies the failure, apart from the seriousness of the accident or the resulting injuries. See, e.g., O'Leary, 480 Mass. at 71-73; Commonwealth v. Cameron, 416 Mass. 314, 316-318 (1993).

apparent from the common name of the statute, is to prevent "manipulation or misuse of the citation process because of any unnecessary or unreasonable delay." O'Leary, 480 Mass. at 71, quoting Commonwealth v. Cameron, 416 Mass. 314, 316 n.2 (1993). The second purpose is "to afford prompt and definite notice of the nature of the alleged offense to the putative violator." Commonwealth v. Pappas, 384 Mass. 428, 431 (1981). We also bear in mind the principle that, under the no-fix statute, "[e]ach case must be decided on its own peculiar facts." Commonwealth v. Provost, 12 Mass. App. Ct. 479, 484 (1981).

a. Preventing manipulation. The Supreme Judicial Court has repeatedly affirmed that "serious injuries resulting from the traffic violation . . . create[] an ineradicable record of the event" such that "manipulation is extremely unlikely." Commonwealth v. Carapellucci, 429 Mass. 579, 581-582 (1999). Accord O'Leary, 480 Mass. at 73. The same is true of serious accidents where it is "inconceivable" that responding officers "would regard this as a minor accident in which their discretion concerning whether to issue a citation would be absolute and unchecked." Pappas, 384 Mass. at 431-432.

The severity of the accident is more likely to create a sufficient basis for preventing abuse when there are multiple vehicles involved and third-party injuries, as opposed to

5

single-car accidents with no serious injuries.  For example, in both Cameron and Pappas, the defendant's vehicle crossed the center line before striking and seriously injuring a third party.  See Cameron, 416 Mass. at 315; Pappas, 384 Mass. at 431-432.  In Commonwealth v. Babb, the defendant's car "went from side to side in the road" before striking a parked car and a bicyclist.  Babb, 389 Mass. 275, 276 (1983).  All three of those situations satisfied the anti-abuse purposes of the statute.  By contrast, O'Leary and Carapellucci involved single-vehicle accidents where only the driver and other passengers in the same vehicle were injured, and the injuries were more minor.  See O'Leary, 480 Mass. at 68; Carapellucci, 429 Mass. at 580.  There, the anti-abuse purposes of the statute were not sufficiently served, and so the exception did not apply.

The present case is more aligned with Pappas, Cameron, and Babb.  The citation here stems from a three-car head-on accident, caused when the defendant crossed over the center line, where the defendant and multiple third-party victims were all transported to the hospital, including one who was later transferred to another hospital by airlift.  Emergency services from multiple towns responded to the scene.  Furthermore, the Gill police chief took steps to ensure that there would be a record of the accident itself when the CARS unit was brought in

6

to create a digital map of the scene. The severity of this accident created an ineradicable record, rendering the risk of manipulation extremely low. As a result, the anti-abuse purposes of the statute were not frustrated by the delay in issuing a citation here.

b. Notice. The defendant argues that he was never told that criminal charges could result from the accident, and therefore that he was not on notice of this possibility. The notice requirements of the no-fix statute, however, can be satisfied with implicit notice.[3]

"[T]he cases make clear that the very seriousness of particular charges tends to minimize the importance of absolute observance of the procedures because, again, 'fix' is virtually excluded, and notice is implicit." Cameron, 416 Mass. at 317, quoting Babb, 389 Mass. at 283. The purpose of notice is "to prevent a situation in which a person cannot establish a defence due to his being charged with a violation long after it occurs." Cameron, supra at 316, quoting Commonwealth v. Gorman, 356 Mass. 355, 357-358 (1969). This purpose is served when it is "not

_____

[3] The Commonwealth concedes that the record does not support the judge's additional finding that State troopers explicitly notified the defendant that charges might result, and so we do not rely on this finding.

reasonable to conclude that the defendant was not aware of the seriousness of the accident." Cameron, supra.

The seriousness of the accident here, and the defendant's awareness thereof, was sufficient to put him on notice that charges might result at a later date. Here, the defendant acknowledged his fault in the crash during his interview with State troopers in the hospital. He further expressed understanding that multiple vehicles were seriously damaged. Even if the defendant was not aware of the severity of the others' injuries, it is unreasonable to conclude that he was not aware of the seriousness of the accident.

c. Inadequacy of explanation. The defendant additionally argues that the delay was inexcusable because the police already had all the information needed to issue the citation on the day of the accident. However, where notice is satisfied and no purpose of § 2 is being thwarted, simple inadequacy of the police explanation for the delay does not overcome the third exception so long as police were not "seriously deficient or negligent in their handling of the matter." Cameron, 416 Mass. at 317-318.

Here, the record does not support a conclusion that the Gill police chief was seriously deficient or negligent in his handling of the matter when he issued the citation one week

8

after the accident.  While the record is not completely clear about the extent to which the chief may have been conducting an ongoing investigation or communicating with State troopers during the period of the delay, this lack of clear explanation does not rise to being seriously deficient or negligent.  There is also nothing in the record here to indicate that the delay stemmed from a review process that risks subverting the anti-abuse purposes of the statute.  Cf. O'Leary, 480 Mass. at 72-73 (delay resulting from supervisory review process was "strikingly similar" to review processes in place before § 2's enactment and which Legislature sought to eliminate).

Order denying motion to
  dismiss affirmed.

By the Court (Sacks, Smyth &
  Wood, JJ.[4]),

Clerk

Entered: October 10, 2025.

---

[4] The panelists are listed in order of seniority.