COMMONWEALTH *vs.* SHEILA MOULTON.

No. 01-P-1021.

Worcester. October 21, 2002. - December 6, 2002.

Present: BROWN, GREENBERG, & MASON, JJ.

*Motor Vehicle,* Operating under the influence, Citation for violation of motor vehicle law. *Alcoholic Liquors,* Motor vehicle. *Practice, Criminal,* Complaint, Dismissal.

A District Court judge erred in dismissing a motor vehicle complaint on the ground that the police had failed to make a timely delivery of the citation pursuant to G. L. c. 90, § 24, where, given the seriousness of the defendant's accident and the fact that the defendant needed to be removed from her automobile on a backboard and transported to the hospital, the likelihood of such a citation should have been obvious to the defendant; and where the defendant was informed by the police, at the hospital, that a citation for operating while under the influence of alcohol would be mailed to her, thus buttressing the inference of notice, or at the very least, "implicit" notice. [684-685] GREENBERG, J., dissenting.

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on March 31, 2000.

A motion to dismiss was heard by *Robert L. Howarth,* J.

*Michelle R. King,* Assistant District Attorney, for the Commonwealth.

*Sean J. Gallagher* for the defendant.

MASON, J. A District Court judge allowed the defendant's pretrial motion to dismiss a motor vehicle complaint on the ground that the police had failed to make a timely delivery of the citation pursuant to G. L. c. 90C, § 2. The complaint charged the defendant with operating a motor vehicle while under the influence of alcohol in violation of G. L. c. 90, § 24, as well as the civil infractions of failure to wear a seat belt in violation of G. L. c. 90, § 13A, and failure to stop at a stop sign. We reverse.

*Background.* The judge allowed the motion following an evidentiary hearing at which Officer Timothy Watts of the Worcester police department was the only witness. We summarize the judge's findings which, for context only, we supplement with the relevant undisputed testimony of Officer Watts.

On March 22, 2000, at about 10:43 P.M., Officer Watts responded to a report of a two-car motor vehicle accident occurring at the intersection of Pilgrim and Grafton Streets in Worcester. When he arrived at the scene he found the defendant in the driver's seat of a car that was "up against a wall." The defendant was bleeding from a head wound. Nevertheless, Officer Watts was able to speak to her and ask her to produce her license and registration and also to describe how the accident had happened. Officer Watts noticed that the defendant's eyes were glassy and bloodshot, that her speech was slow and deliberate, and that her breath smelled of alcohol. He formed the opinion that she had been operating her vehicle under the influence of alcohol.

About this time, emergency medical technicians arrived and removed the defendant from her car to a backboard. Officer Watts continued to speak to the defendant when she was on the backboard, and also to the driver of the other car involved in the accident, who did not appear to have any physical injuries but complained of pain. About thirty to forty minutes after Officer Watts had arrived at the scene, the defendant was transported to St. Vincent's Hospital. Officer Watts also went to the hospital and, after advising the defendant of her Miranda rights, conducted a further interview of her there. Officer Watts asked the defendant during this interview at the hospital how much and where she had been drinking. The defendant responded that she had had two drinks at a bar in Worcester. Officer Watts then told the defendant that he still needed to check a few things out, but that he would be mailing her a citation for "operating under the influence of alcohol and a couple of other charges."

Officer Watts then returned to the Worcester police station and reviewed the stop sign ordinance. He also conferred with his patrol sergeant. Then, after writing a report, he issued a citation to the defendant and mailed it to her at her "listed address."

*Discussion.* General Laws c. 90C, § 2, provides in pertinent part that:

> "A failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation, except where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator, or where the court finds that a circumstance, not inconsistent with the purpose of this section . . . justifies the failure. In such case the violation shall be recorded upon a citation as soon as possible after such violation and the citation shall be delivered to the violator or mailed to him at his residential or mail address or to the address appearing on his license or registration."

In dismissing the complaint for failure to comply with this statute, the judge relied solely on Officer Watts's testimony that he had formed an opinion at the accident scene that the defendant was operating her vehicle under the influence of alcohol. The judge apparently concluded, in light of this testimony, that the statutory exception for circumstances where "additional time was reasonably necessary to determine the nature of the violation" could not be applicable and, hence, the complaint must be dismissed.

In fact, while Officer Watts may have formed an opinion of the accident scene that the defendant was under the influence of alcohol, he did not actually complete his investigation into the nature of the accident until he had interviewed the defendant after she had been stabilized at the hospital. He then promptly mailed the citation to the defendant at the address listed on her license and registration after telling her that he would do so. In the circumstances, we think that Officer Watts's actions were warranted and fully compliant with the terms of the statute. See *Commonwealth* v. *Gammon,* 22 Mass. App. Ct. 1, 8 (1986), citing *Commonwealth* v. *Pappas,* 384 Mass. 428, 432-433 (1981).

In any event, a complaint need not be dismissed where the police have not been slothful or inattentive to the statutory requirements, and the basic objectives of the statute have been met. See *Commonwealth* v. *Perry,* 15 Mass. App. Ct. 281, 283-

284 (1983), and cases cited. See also *Commonwealth* v. *Kenney*, 55 Mass. App. Ct. 514, 519 (2002). Those objectives are (1) "no fix," meaning "prevention or discouragement of corrupt manipulations"; and (2) prompt notice to the alleged offender. See *Commonwealth* v. *Perry*, *supra* at 283. Here, there was no manipulation or misuse of the citation, and Officer Watts notified the defendant as soon as he had completed his interview of her at the hospital that a citation would be issued. Regarding the objective of prompt notice, given the seriousness of the accident and the fact that the defendant needed to be removed from her car on a backboard and transported to the hospital, the likelihood of such a citation should have been obvious to the defendant from the time the accident occurred. Officer Watts's informing the defendant, at the hospital, that he would be mailing her a citation for operating under the influence of alcohol further buttresses the inference of notice, or at the very least, "implicit" notice. See *Commonwealth* v. *Babb*, 389 Mass. 275, 283 (1983). See also *Commonwealth* v. *Pappas*, *supra* at 431-432; *Commonwealth* v. *Kenney*, *supra* at 519-521. In view of these circumstances, we conclude that the basic purposes of the statute were fully met in this case. The complaint therefore should not have been dismissed. See *Commonwealth* v. *Perry*, *supra* at 285. See also *Commonwealth* v. *Barbuto*, 22 Mass. App. Ct. 941, 943 (1986). Contrast *Commonwealth* v. *Marchand*, 18 Mass. App. Ct. 932, 933 (1984) (complaint properly dismissed where officer had waited forty-one days without excuse to issue citation); *Commonwealth* v. *Ryan*, 22 Mass. App. Ct. 970, 971-972 (1986) (complaint properly dismissed where police officer failed to issue any citation until several days after alleged violation and defendant had called to inquire whether any citation would be issued).

The order dismissing the complaint is reversed, and the complaint is reinstated.

*So ordered.*

GREENBERG, J. (dissenting). Granting the necessary deference to the motion judge's factual findings, I cannot see the logic of

the majority's conclusions in this case. The judge found that because Watts had "formed his opinion" concerning the defendant's lack of sobriety at the scene and had essentially completed his investigation of the accident, there was no excuse for not delivering the citation prior to leaving the accident scene. Further, the record indicates that the defendant's head wound was not so serious as to impair her memory of events or her ability to communicate with Watts. Upon the defendant's arrival at the hospital, Watts gave her Miranda warnings, indicating that he had decided to charge her with operating a motor vehicle under the influence of an intoxicant. Even so, he withheld the citation and returned to the police station to confer with a senior officer prior to mailing the citation late that same evening.

Given the long period that Watts spent at the scene of the accident and the defendant's cogent replies to his questions, there was no reason for the delay. Contrast *Commonwealth* v. *Pappas*, 384 Mass. 428, 432 (1981) (police needed to clear scene, investigate cause of accident, and determine nature of violations). Here there was nothing left to investigate. Watts's sojourn to the hospital, whether or not investigatory, does not excuse his failure timely to deliver the citation as he was already aware of the "nature of the violations." See *Commonwealth* v. *Pappas, supra.* What is more, one of the purposes of the statute "is to afford prompt and definite notice of the nature of the alleged offense to the putative violator." *Commonwealth* v. *Pappas*, 384 Mass. at 431. That purpose was thwarted here because, had the defendant been cited at the scene or at the hospital, she could have requested a blood test.

Failure to "give a copy of the citation to the violator at the time and place of the violation," G. L. c. 90C, § 2, has been excused where the offense is motor vehicle homicide or death has resulted from the violation, see *Commonwealth* v. *Nadworny*, 30 Mass. App. Ct. 912, 914 (1991); where the violator could not be stopped, or additional time was reasonably necessary to determine the nature of the violation, *Commonwealth* v. *Ryan*, 22 Mass. App. Ct. 970, 971 (1986); where the defendant has been arrested for the motor vehicle violation, see, e.g., *Commonwealth* v. *Gorman*, 356 Mass. 355, 358 (1969); where the defendant thwarted delivery, *Commonwealth* v. *Babb*, 389

Mass. 275, 277 (1983); where the seriousness of the charges and attendant circumstances made it clear that the "no fix" purpose has not been frustrated, see, e.g., *id.* at 283-284; where there is legitimate doubt as to the identity of the offender, *Commonwealth* v. *Provost*, 12 Mass. App. Ct. 479, 480-483 (1981); or where the accident scene was chaotic, *Commonwealth* v. *Russo*, 30 Mass. App. Ct. 923, 924 (1991). None of these exigencies appears here.