NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-826                                          Appeals Court

COMMONWEALTH  vs.  CHRISTOPHER J. BURNHAM.

No. 15-P-826.

Hampshire.     April 13, 2016. - October 13, 2016.

Present:  Wolohojian, Agnes, & Neyman, JJ.

Motor Vehicle, Operating under the influence, Citation for
     violation of motor vehicle law.  Practice, Criminal,
     Citation for violation of motor vehicle laws, Dismissal.


     Indictment found and returned in the Superior Court
Department on May 6, 2014.

     A motion to dismiss was heard by Mary-Lou Rup, J.


     Cynthia M. Von Flatern, Assistant District Attorney, for
the Commonwealth.
     James Petersen for the defendant.


     NEYMAN, J.  The defendant, Christopher J. Burnham, was

involved in a single-car accident, and indicted for operating a

motor vehicle while under the influence of intoxicating liquor

(OUI), subsequent offense.  The defendant filed a motion to

dismiss the charge, claiming that the citation for OUI was not

issued in compliance with G. L. c. 90C, § 2.  Following an evidentiary hearing, a Superior Court judge allowed the motion.

The sole issue on appeal is whether the issuance of a citation to the defendant, more than four and one-half months after the police officers had concluded their investigation, violated the provisions of G. L. c. 90C, § 2, and mandated dismissal of the indictment.  Where the defendant did not have prompt and definite notice of the offense for which he was charged, and the delay in issuing the citation was not justified under any of the exceptions to the statutory requirement to provide the citation at the time and place of the violation, dismissal was warranted.

Background.  We summarize the judge's findings.[1]  In the early morning of November 24, 2013, Officers Kyle Gribi and Eric Alexander of the Easthampton police department arrived at the scene of a single-car accident.  Officer Gribi, trained as an emergency medical technician, observed and attended to the driver (the defendant), who "was unresponsive, but later regained consciousness."  Officer Gribi stabilized the defendant's cervical spine and maintained his airway.  Approximately ten minutes after the officers' arrival, an ambulance arrived and took the defendant to Baystate Medical

---

[1] Neither party on appeal challenges the judge's factual findings, which we accept "absent clear error."  Commonwealth v. Eckert, 431 Mass. 591, 592 (2000).

Center (Baystate). The officers did not accompany the defendant to the hospital. The judge credited testimony that "neither officer detected any indicia of the defendant being intoxicated during their investigation of the scene."

While at the scene, Officer Alexander learned that the defendant's license had been suspended, and Officer Gribi subsequently issued a citation against the defendant for "operating after suspension" and a "marked lanes" violation (the Easthampton charges).[2] The officers' investigation "ended in good faith when Officer Gribi issued and caused to be mailed to the defendant a citation for marked lanes violation."[3]

Three months later, on February 23, 2014, the defendant was arrested in Northampton for an unrelated incident and charged with OUI. Upon reviewing the Northampton OUI charge and inspecting the defendant's probation record, the prosecutor learned of the Easthampton charges still pending in Northampton District Court. The prosecutor initiated an independent investigation into the Easthampton charges and obtained the defendant's medical records from Baystate, relating to the treatment he received as a result of the earlier Easthampton

---

[2] The citation is dated November 24, 2013, the date of the accident.

[3] At the hearing on the motion to dismiss, the officers testified that no further investigation was conducted after the accident scene had cleared and the citation for operating after suspension and a marked lanes violation had issued.

incident.[4]  The medical records included a toxicology report that revealed that the defendant had an "ethanol level on the night of the Easthampton incident [that] translated to a blood alcohol concentration of 0.18 [per cent]."  On April 16, 2014, the prosecutor relayed this information to Officer Gribi and instructed him to issue a citation for OUI to the defendant.  That same day, Officer Gribi issued and delivered a citation for OUI to the defendant at his home.

Discussion.  1.  Statutory framework.  General Laws c. 90C, § 2, as appearing in St. 1985, c. 794, § 3, commonly known as the "no-fix" law, provides in relevant part:

> "any police officer assigned to traffic enforcement duty
> shall . . . record the occurrence of automobile law
> violations upon a citation, filling out the citation and
> each copy thereof as soon as possible . . . .  A failure to
> give a copy of the citation to the violator at the time and
> place of the violation shall constitute a defense in any
> court proceeding for such violation, except where the
> violator could not have been stopped or where additional
> time was reasonably necessary to determine the nature of
> the violation or the identity of the violator, or where the
> court finds that a circumstance, not inconsistent with the
> purpose of this section to create a uniform, simplified and
> non-criminal method for disposing of automobile law
> violations, justifies the failure" (emphasis added).

Thus, the statute mandates that citations be delivered to an alleged offender at the time and place of the violation,

---

[4] The prosecutor obtained the defendant's medical records by filing a motion in the Superior Court on March 7, 2014, requesting production of the records for presentation to a grand jury.  On March 10, 2014, a Superior Court judge allowed the motion, and on April 3, 2014, Baystate delivered the records to the Superior Court clerk's office.

subject to three exceptions. Where, as here, the citation was not delivered at the accident scene, the Commonwealth bears the burden to establish the applicability of an exception. See Commonwealth v. Correia, 83 Mass. App. Ct. 780, 783 (2013). The Commonwealth asserts that the second and third exceptions applied to the present case and justified the delayed delivery. We analyze both, in turn, keeping in mind the two fundamental purposes of the statute: (1) prevention of "manipulation and misuse" of citations; and (2) "prompt and definite notice" to the alleged violator of the nature of the offense. Commonwealth v. Pappas, 384 Mass. 428, 431 (1981). In addition, there is no bright-line rule to ascertain whether a particular delay in issuing a citation is justified. Rather, "[e]ach case must be decided on its own peculiar facts." Commonwealth v. Provost, 12 Mass. App. Ct. 479, 484 (1981).

2. The second exception. The second exception to the requirements of G. L. c. 90C, § 2, excuses delayed delivery of a citation where "additional time was reasonably necessary to determine the nature of the violation." Pappas, supra. The Commonwealth contends that neither officer detected any indicia of intoxication from the defendant; thus, the nature of the violation was unclear, and additional time was reasonably necessary to investigate. Based on the prosecutor's investigation, facts justifying the OUI charge became apparent,

which prompted the Commonwealth to immediately issue a citation to the defendant.  Accordingly, the Commonwealth posits, the letter of the statute was satisfied.

The defendant counters that the Commonwealth's argument fails, because Massachusetts courts have applied the second exception in cases involving "continuing" or "ongoing" police investigations.  He argues that, here, the investigation was not ongoing, as evidenced by the officers' admission that it had concluded at the accident scene, four and one-half months prior to the citation issuing.  The Commonwealth does not challenge, in its brief or at oral argument, the notion that the second exception must involve an ongoing investigation.  Instead, it claims that the prosecutor's review of the case and request for the defendant's medical records constituted an ongoing investigation.

We take this opportunity to clarify that the second exception speaks to "additional time . . . reasonably necessary to determine the nature of the violation," and does not contain the nomenclature "ongoing" or "continuing" investigation.  See G. L. c. 90C, § 2.  Although our common law has interpreted the second exception, in some instances, to involve further investigative work in analyzing what is "reasonably necessary"

within the statutory framework,[5] our courts have not adopted a bright-line rule that an investigation must be continuous or ongoing to justify the application of the second exception, and we decline to do so here.  The ongoing nature of an investigation may be a significant factor in discerning the reasonableness of any delay in issuing a citation,[6] but neither its presence nor absence is dispositive of the issue.  See, e.g., Commonwealth v. Barbuto, 22 Mass. App. Ct. 941, 942-943 (1986) (although "[f]or a substantial portion of the period between the accident and the issuance of the citations, the investigating officer had a suspect but failed to take active steps to pursue the investigation," 174-day delay in issuing citation for leaving scene of accident after causing personal injury was justified, where additional time was reasonably

_____

[5] See, e.g., Provost, supra at 482-483, 485 (twenty-day investigation into serious collision, followed by seven-day delay caused by officer "analyz[ing] and integrat[ing] information already collected," justified); Commonwealth v. Perry, 15 Mass. App. Ct. 281, 283 (1983) (no undue delay where citation "was prepared as soon as the investigation and assembly of the facts, including the fact of the death, permitted"); Commonwealth v. Gammon, 22 Mass. App. Ct. 1, 7-8 (1986) (contradiction between nurse's information that defendant was intoxicated and police officers' observations warranted "further investigation by the police" and justified twenty-six day delay in issuing citation for OUI); Commonwealth v. Moulton, 56 Mass. App. Ct. 682, 684 (2002) (officer "did not actually complete his investigation into the nature of the accident until he had interviewed the defendant after she had been stabilized at the hospital").

[6] See note 5, supra.

necessary to determine identity of violator).  We continue to adhere to our precedent of deciding each case on its unique facts.  See Provost, supra at 484.

The facts in the present case do not support the application of the second exception.  The officers did not seek information from Baystate, nor did the circumstances at the scene present any indicia that the defendant was intoxicated. The officers admitted that they had concluded their investigation the day of the incident and, as the judge found, did not believe that "additional time was reasonably necessary to determine the nature of the violation."  The Commonwealth responds that although the officers had concluded their investigation, the prosecutor had not, as evidenced by the open case alleging operating after suspension and a marked lanes violation, and by the ensuing grand jury investigation.  This argument is unpersuasive.  Months had passed until the prosecutor, on a hunch spurred by the defendant's subsequent arrest in an unrelated matter, commenced an investigation regarding the defendant's potential intoxication on November 24, 2013.  The information ultimately sought and obtained by the Commonwealth had been available all along.  We agree with the judge's conclusion that "the defendant's subsequent arrest in Northampton did not provide previously unavailable information regarding the Easthampton incident; rather it was a coincidence

that instigated the renewed, independent investigation by [the prosecutor]."  Accordingly, the Commonwealth failed to demonstrate that more time was reasonably necessary to determine the nature of the offense within the meaning of the second exception to G. L. c. 90C, § 2.[7]

The shortcoming of the Commonwealth's argument is further apparent when we consider, as we must, the objectives of the statute.[8]  At issue is the requirement to give prompt and definite notice to the alleged offender.[9]  See Commonwealth v. Babb, 389 Mass. 275, 283 (1983).  The Commonwealth contends that the defendant "did have some notice" where, on the night of the accident, Officer Gribi cited the defendant for "operating after suspension and a marked lanes violation."  We disagree.  In view of the officers' testimony that there was no indicia of the

---

[7] We do not speculate as to what scenarios may justify the resuming or reopening of an investigation without violating G. L. c. 90C, § 2.  We merely hold that under the particular facts of this case, the four and one-half month delay in issuing a citation to the defendant for OUI does not fall within the second exception to the requirements G. L. c. 90C, § 2.

[8] The facts of this case do not implicate the objective to prevent manipulation and misuse of citations.  To the contrary, the judge specifically found that "[n]o evidence suggests that the police were slothful in opting not to continue the investigation," and that the officers and the prosecutor acted in "good faith."  The record supports this finding.

[9] In this regard, we are mindful of the statutory language that requires law enforcement to "record the occurrence of automobile law violations upon a citation, filling out the citation and each copy thereof as soon as possible" (emphasis supplied).  G. L. c. 90C, § 2.

defendant's intoxication at the scene, the officers' testimony that the investigation had concluded at the scene, the passage of several months without any investigation by the Commonwealth, and the absence of any actual or implicit notice to the defendant that further charges may be forthcoming, notice to the defendant was neither prompt nor definite.  See Commonwealth v. Riley, 41 Mass. App. Ct. 234, 237 n.4 (1996) (earlier citation for civil motor vehicle infractions and operating to endanger "would not suffice to serve notice of the potential of an operating while under the influence charge to be lodged against [the defendant]").

3.  The third exception.  The third exception to the requirements of G. L. c. 90C, § 2, is a "safety valve," which excuses delayed delivery of a citation where "the court finds that a circumstance, not inconsistent with the purpose of this section to create a uniform, simplified and non-criminal method for disposing of automobile law violations, justifies the failure."  Id. at 236, quoting from § 2.  Within this exception, our case law has recognized that, in the face of a serious incident, notice is implicit and the requirements of the statute are "flexibly applied."  Commonwealth v. Russo, 30 Mass. App. Ct. 923, 925 (1991).  See Pappas, 384 Mass. at 431 (notice requirement under statute "has little relevance when applied to more serious crimes").  In such cases, the purposes of the

statute are not frustrated and "failure to comply strictly with its requirements has not been fatal to the prosecution." Barbuto, supra at 943. In concept, the Commonwealth is correct. In application to the instant case, it is not.

The cases justifying delayed delivery of a citation based on implicit (or explicit) notice are all distinguishable from the present case. In those cases notice was sufficient because the circumstances involved serious injuries to third parties, an arrest of the defendant, more serious charges requiring obvious investigation such as motor vehicle homicide or leaving the scene after causing personal injury, verbal notice from law enforcement that a citation would be forthcoming, actions or statements by a defendant evincing awareness of criminal conduct, or a combination of these factors. See Commonwealth v. Gorman, 356 Mass. 355, 357-358 (1969) (sufficient notice where defendant arrested for motor vehicle offense and given citation later that day); Pappas, supra at 431-432 (motor vehicle offenses including negligent motor vehicle homicide should not have been dismissed where four and one-half hour delay between time of accident and issuance of citation was caused almost entirely by need to clear scene, investigate cause of accident, and determine nature of the violations, and where "[i]t is inconceivable that [a] defendant would be unaware of the seriousness of a situation in which his vehicle had crossed the

center line of a public street and struck a pedestrian"); Babb, supra at 284 (dismissal of motor vehicle homicide inappropriate and notice requirement satisfied where defendant struck a pedestrian, was arrested on day of accident, and "immediately was charged with drunk driving, driving so as to endanger, and leaving the scene after causing personal injury and property damage"); Provost, 12 Mass. App. Ct. 482-483 (twenty-seven day delay in issuing citation justified by seriousness of possible charges and officer's need to investigate accident in which three people had died); Commonwealth v. Perry, 15 Mass. App. Ct. 281, 283 (1983) (automobile violations including motor vehicle homicide should not have been dismissed in view of seriousness of charges and one-day delay in issuing citation, which was issued as soon as feasible); Barbuto, 22 Mass. App. Ct. at 943 (delay in issuing citation justified where defendant left scene of serious accident after causing injuries to driver and passenger in other vehicle and causing damage to both vehicles); Commonwealth v. Kenney, 55 Mass. App. Ct. 514, 519-520 (2002) (delay in issuing citation justified where notice was implicit in light of "hit and run" accident in crosswalk where force of impact "catapulted" pedestrian forty feet forward causing severe injuries, and where defendant was aware of prospect of prosecution as evidenced by her flight from scene, statements to others concerning incident, and prompt engagement of counsel);

Commonwealth v. Moulton, 56 Mass. App. Ct. 682, 684 (2002) (delay in issuing citation justified where defendant had implicit notice based on seriousness of two-vehicle accident and officer informing defendant at hospital that he would be mailing her citation for OUI).

Looking at the peculiar facts of the instant case, no such factors were present. The incident at issue, although not a mere fleeting traffic incident, was not so serious standing alone to confer implicit notice on the defendant pursuant to the third exception. Here, there was a single-car accident involving no other driver, passenger, or pedestrian. The defendant did not act in a manner that demonstrated he was aware of the prospect of prosecution. A search of the car uncovered no alcohol or alcohol containers. He was not placed under arrest, informed that a citation for OUI may be delivered to him, questioned regarding alcohol consumption, or informed that an investigation regarding a potential OUI charge was forthcoming. Furthermore, we are unaware of any authority, and the Commonwealth cites to none, which has held that a single-car accident, standing alone, provides a defendant with sufficient implied notice that satisfies the requirements of G. L. c. 90C, § 2.

In sum, the defendant did not have prompt and definite notice of the offense for which he was charged, and the

substantial delay in issuing the citation was not justified under any of the exceptions to the statutory requirements. Accordingly, the judge's order allowing the defendant's motion to dismiss the indictment is affirmed.

<u>So ordered</u>.