In this consolidated appeal, the defendant, William Copeland, appeals from his conviction following a jury trial on two indictments for negligently or recklessly operating a motor vehicle while under the influence of intoxicating liquor and causing serious bodily injury, G. L. c. 90, § 24L, and two indictments for assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A ; and from the denial of his motion for new trial. We affirm.
1. Ineffective assistance of counsel. To show ineffective assistance of counsel, the defendant "must demonstrate that (1) defense counsel's conduct fell 'measurably below that which might be expected from an ordinary fallible lawyer' ... and (2) he was prejudiced by counsel's conduct in that it 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In assessing whether the defendant was prejudiced, "a defendant is entitled to a new trial 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.' " Commonwealth v. Lacoy, 90 Mass. App. Ct. 427, 439 (2016), quoting from Commonwealth v. Millien, 474 Mass. 417, 432 (2016).
a. Late citation. General Laws c. 90C, § 2, requires delivery of a motor vehicle citation to the defendant at the time and place of a motor vehicle violation, and generally requires dismissal in the absence of a timely citation. Dismissal, however, is unwarranted where "additional time was reasonably necessary to determine the nature of the violation," Commonwealth v. Moulton, 56 Mass. App. Ct. 682, 684 (2002), quoting from G. L. c. 90C, § 2, or "in circumstances where the violation resulted in serious injuries and the purposes of the statute otherwise were met." Commonwealth v. O'Leary, 92 Mass. App. Ct. 282, 286 (2017). Both exceptions apply to the instant case.
First, additional time was reasonably necessary to complete the investigation. The defendant was unconscious at the scene and does not remember the accident, nor do the victims with clarity. There were no other eyewitnesses to the crash, and both the defendant and the victims were seriously injured and unavailable to be interviewed for many days. See Moulton, 56 Mass. App. Ct. at 684 (reversing dismissal of late citation where police could not complete investigation of suspected operation under the influence of intoxicating liquor until the defendant was stabilized and interviewed).
There was some evidence at the scene that the defendant was intoxicated, speeding, and had crossed into oncoming traffic, but additional time was also required to obtain and analyze his blood, retrieve further information to complete a reconstruction report, and take the statements of the participants before the citation could reasonably be issued with confidence. See Commonwealth v. Provost, 12 Mass. App. Ct. 479, 484 (1981) (recognizing that, in serious automobile accidents, "careful and painstaking accident reconstruction is often necessary before the police can obtain the root facts upon which to base a reasoned decision whether citations should be issued and criminal complaints sought"). Contrast Commonwealth v. Burnham, 90 Mass. App. Ct. 483, 487-488 (2016) (affirming dismissal of a citation for operating under the influence where investigation was concluded at the scene without evidence of intoxication, and police neither "believe[d] that 'additional time was reasonably necessary' " nor actively pursued the investigation for months before issuing the late citation). That the citation here was issued approximately eighteen days after the reconstruction report does not itself warrant dismissal where it was issued promptly after the police were able to interview the defendant. See Commonwealth v. Kenney, 55 Mass. App. Ct. 514, 519 (2002) (no "per se rule of dismissal, even though a citation did not issue in compliance with the statute").
Second, G. L. c. 90C, § 2, was enacted "to prevent the 'manipulation and misuse' of traffic citations, and 'to afford prompt and definite notice of the nature of the alleged offense to the putative violator.' " O'Leary, 92 Mass. App. Ct. at 285, quoting from Commonwealth v. Pappas, 384 Mass. 428, 431 (1981). The record here supports no allegations of manipulation or misuse of the citation, and the seriousness of the accident and resulting injuries reasonably notified the defendant of potential charges. See O'Leary, supra at 286, quoting from Kenney, 55 Mass. App. Ct. at 520 ("serious nature of the accident and injuries" forms "ineradicable record of the event" that may provide notice to a defendant). See also Kenney, supra at 519, quoting from Pappas, supra at 431-432 ("It is inconceivable that the defendant would be unaware of the seriousness of a situation in which his vehicle had crossed the center line of a public street and struck a pedestrian"); Moulton, 56 Mass. App. Ct. at 685 ("[G]iven the seriousness of the accident ..., the likelihood of such a citation should have been obvious to the defendant from the time the accident occurred").
This was a serious accident causing serious injury to both the defendant and the victims. Although the defendant may have been unconscious and initially unaware of the accident, he was soon notified of it at the hospital. Given that and the otherwise overwhelming evidence of the defendant's intoxication, it should have been obvious to the defendant that a citation was likely to be issued once the police finished their investigation.
In short, a motion to dismiss under G. L. c. 90C, § 2, would not have been successful. Accordingly, defense counsel's failure to make such a motion did not deprive the defendant of a substantial ground of defense. See Commonwealth v. Sullivan, 469 Mass. 621, 630 (2014) ; Commonwealth v. Spencer, 53 Mass. App. Ct. 45, 50-51 (2001).
b. Medical records and testimony. The medical records here repeatedly described the defendant's obvious intoxication and the challenges that this intoxication posed for his medical care. Such references (the redaction of which defense counsel did request, albeit unsuccessfully) were admissible under G. L. c. 233, § 79. See Commonwealth v. McCready, 50 Mass. App. Ct. 521, 524 (2000) ; Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 727-728 (2016). Furthermore, witnesses testified that the defendant smelled of alcohol at the scene, admitted to drinking alcohol when asked by paramedics, and was observed at the hospital by the attending physician to be "clearly intoxicated." The defendant's blood alcohol content was .11 percent-well above the legal limit.[2] In light of this admissible evidence of the defendant's intoxication, the various references in the medical records to things such as the defendant's substance use history could not have had a significant effect on the jury. Accordingly, defense counsel's failure to seek redaction of these references did not deprive the defendant of a substantial ground of defense. See Lacoy, 90 Mass. App. Ct. at 440 (given overwhelming evidence, no "serious doubt as to whether the result of the trial would have been different if the offending statements had not been made").
c. Black box evidence. "Where, as here, the defendant's ineffective assistance of counsel claim is based on a tactical or strategic decision, the test is whether the decision was 'manifestly unreasonable' when made." Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015), quoting from Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006). This test is "essentially a search for rationality," Kolenovic, supra, and we "do not 'second guess competent lawyers.' " Commonwealth v. McCray, 457 Mass. 544, 557 (2010), quoting from Commonwealth v. LaCava, 438 Mass. 708, 713 (2003).
Here, defense counsel's decision to waive his objection to the evidence from the vehicle's "black box" was made only after discussion with the judge, reasoned consideration, and consultation with the defendant. Defense counsel then used the black box evidence at length during closing argument to cast doubt on other evidence presented by the Commonwealth. We see no indication that defense counsel's strategic decision was manifestly unreasonable. See Kolenovic, 471 Mass. at 675.
d. Other ineffective assistance claims. The defendant's other claims of ineffective assistance of counsel similarly lack merit. First, whether to exercise peremptory challenges is a strategic decision, and is not manifestly unreasonable where the jurors' stated impartiality was accepted, upon inquiry, by the judge. Commonwealth v. Torres, 453 Mass. 722, 731 (2009). That is precisely the case here, especially given the lack of any actual evidence of the jurors' bias. See Commonwealth v. Leahy, 445 Mass. 481, 499 (2005) (judge may accept juror's representation of impartiality absent "solid evidence of a distinct bias").
Second, there is nothing in the record that suggests that defense counsel could have accomplished anything significant by challenging the reconstruction report with a prior motor vehicle accident report or by investigating the paramedic prior to trial. In the absence of such a showing, the defendant has not established that he was deprived of a substantial ground of defense. See Commonwealth v. Anderson, 445 Mass. 195, 212-213 (2005).
2. Relationship between the prosecutor and an officer. The integrity of the grand jury proceedings in this case was not impaired by the undisclosed romantic relationship between the prosecutor who first presented the case to a grand jury and one of the testifying police officers. The Commonwealth's duty to disclose exculpatory evidence to a grand jury is limited to circumstances where "the prosecutor possesses exculpatory evidence that would greatly undermine either the credibility of an important witness or evidence likely to affect the grand jury's decision, or withholds exculpatory evidence causing the presentation to be 'so seriously tainted,' that the prosecutor must present such evidence to the grand jury." Commonwealth v. Wilcox, 437 Mass. 33, 37 (2002), quoting from Commonwealth v. O'Dell, 392 Mass. 445, 447 (1984). The fact of the relationship was "not weighty enough to constitute a substantial challenge to the demonstration of probable cause, and, if laid before the grand jury, would almost certainly have left unaltered the disposition to indict." Commonwealth v. Biasiucci, 60 Mass. App. Ct. 734, 738 (2004).
Moreover, any error was cured by the Commonwealth's decision to dismiss the indictments and secure new indictments with a different prosecutor. In the absence of a statutory or other mandate, we reserve dismissal with prejudice for circumstances in which "there is 'a showing of irremediable harm to the defendant's opportunity to obtain a fair trial' " or "prosecutorial misconduct that is egregious, deliberate, and intentional." Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298, 316 (2017), quoting from Commonwealth v. Cronk, 396 Mass. 194, 198-199 (1985). The misstep here did not rise to the level of egregiousness and there is no indication in the record that it caused the defendant any prejudice. Indeed, the defendant was able to impeach the officer with the relationship. In the absence of a ground for dismissal with prejudice, the dismissal of the original indictments cured any error.
3. Right to confrontation. The case law does not support the defendant's claim that his right to confrontation was violated by the admission of his blood samples obtained by medical staff not present at trial. See Commonwealth v. Dyer, 77 Mass. App. Ct. 850, 854 (2010) (medical records of blood alcohol level test results "generated for evaluation and treatment purposes do not constitute testimonial evidence triggering a constitutional right of confrontation"). Accord Commonwealth v. Ackerman, 476 Mass. 1033, 1034 (2017).
4. Double jeopardy. The defendant's double jeopardy claim for his conviction on two indictments under G. L. c. 90, § 24L, is precluded by Commonwealth v. Flanagan, 76 Mass. App. Ct. 456, 460-461 (2010). There, we held that the relevant "unit of prosecution is the injury caused to a victim by the defendant's impaired and negligent driving," id. at 461, and thus a conviction may survive for each person injured. The instant case is not distinguishable.
Judgments affirmed.
Order denying motion for new trial affirmed.

The defendant provides scant support for his claim that Albert Elian's intended expert testimony was not disclosed. Even if we assume that it was not disclosed, it is evident that the trial judge would not have excluded the blood alcohol content evidence as a sanction, and the defendant provides no indication what he could have accomplished had he requested a continuance.