A Juvenile Court judge dismissed the delinquency complaint charging the juvenile with negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(a ), for failure to comply with the citation requirements of G. L. c. 90C, § 2. Concluding that the Commonwealth failed to show a circumstance justifying the failure to issue a timely citation, we affirm.
Under G. L. c. 90C, § 2, as appearing in St. 1985, c. 794, § 3, "[a] failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation, except [1] where the violator could not have been stopped or [2] where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator, or [3] where the court finds that a circumstance, not inconsistent with the purpose of this section to create a uniform, simplified and non-criminal method for disposing of automobile violations, justifies the failure." Here, there is no question that the first and second exceptions do not apply; the juvenile was present at the scene of the accident and received a citation for a marked lane violation and underage use of an electronic device.
When we apply the third exception, we consider "the two fundamental purposes of the statute: (1) prevention of 'manipulation and misuse' of citations; and (2) 'prompt and definite notice' to the alleged violator of the nature of the offense." Commonwealth v. Burnham, 90 Mass. App. Ct. 483, 485 (2016), quoting from Commonwealth v. Pappas, 384 Mass. 428, 431 (1981). Here, both fundamental purposes weigh in favor of dismissal.
Unlike in many cases in which we have applied the third exception, there was no oral notice to the juvenile that criminal charges were forthcoming. See, e.g., Commonwealth v. Moulton, 56 Mass. App. Ct. 682, 683 (2002) ; Commonwealth v. O'Leary, 92 Mass. App. Ct. 282, 283, further appellate review granted, 478 Mass. 1105 (2017). We have previously held that the issuance of a citation for an infraction or a minor criminal charge does not by itself provide implicit notice of more serious charges. Burnham, 90 Mass. App. Ct. at 488. Indeed, here the citation issued at the time of the accident would have led the juvenile to believe that this would be the extent of the charges.
Similarly unavailing is the Commonwealth's contention that the injuries to the other driver sufficed to provide constructive notice to the juvenile that criminal charges were forthcoming. To be sure, "[t]he risk that a putative defendant will remain unaware of a transient traffic offense and will be unprepared to defend against it unless the incident is 'called immediately to [his] attention' has little relevance when applied to more serious crimes." Pappas, 384 Mass. at 431, quoting from Commonwealth v. Giannino, 371 Mass. 700, 703 (1977). Such crimes are usually more serious than here, see Pappas, supra at 428 (vehicular homicide); Commonwealth v. Babb, 389 Mass. 275, 276 (1983) (vehicular homicide);[2] Moulton, 56 Mass. App. Ct. at 683 (operating under the influence); O'Leary, 92 Mass. App. Ct. at 283 (operating under the influence, subsequent offense). Nonetheless, "there is no bright-line rule," Burnham, 90 Mass. App. Ct. at 485, and constructive notice may apply to a charge of negligent operation. See Commonwealth v. Cameron, 416 Mass. 314, 315-316 (1993) (collision with bicyclist). See also Pappas, supra at 431-432 ("It is inconceivable that the defendant would be unaware of the seriousness of a situation in which his vehicle had crossed the center line of a public street and struck a pedestrian); Commonwealth v. Kenney, 55 Mass. App. Ct. 514, 515 (2002) (collision with pedestrian that "thrust the victim forty-three feet forward").
Here, however, despite the unquestionable severity of the other driver's injuries, both the investigating officer and the prosecutor's office concluded within four days of the accident that the case did not warrant the issuance of criminal charges. The claim, therefore, that the juvenile should have realized that criminal charges were forthcoming when experienced law enforcement professionals did not so realize rings hollow.
Furthermore, the Commonwealth provided no evidence to the motion judge regarding the reason for the eventual issuance of the citation. See Babb, 389 Mass. at 277 (officer waited until victim died to cite defendant for vehicular manslaughter); Cameron, 416 Mass. at 315 n.1 (officer was under mistaken impression that he had to wait to see if victim died); Moulton, 56 Mass. App. Ct. at 683 (officer wanted to "check a few things out" before issuing citation); Burnham, 90 Mass. App. Ct. at 484 (subsequent arrest of defendant for operating under influence caused prosecutor to reopen investigation); O'Leary, 92 Mass. App. Ct. at 284 (officer waited to obtain approval from supervisor). Although such evidence is not required, see Burnham, supra at 485, its absence here provides no confidence that the goal of the prevention of manipulation and misuse of citations has been achieved. Without any idea why the police and the prosecutor's office, content with the absence of criminal charges, reversed themselves seventy-nine days later, the motion judge had no obligation to find that "a circumstance, not inconsistent with the purpose of this section to create a uniform, simplified and non-criminal method for disposing of automobile violations," G. L. c. 90C, § 2, justified the delayed citation.
Order dismissing delinquency complaint affirmed.

Pappas and Babb predated the Legislature's decision to remove the citation defense from violations resulting in death. See St. 1986, c. 620, § 18.