NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-460                                          Appeals Court

COMMONWEALTH  vs.  BRENDAN W. RAY.

No. 17-P-460.

Plymouth.      February 6, 2019. - August 29, 2019.

Present:  Henry, Lemire, & Ditkoff, JJ.


Practice, Criminal, Dismissal, Citation for violation of motor
     vehicle laws, Delay in commencement of prosecution.  Motor
     Vehicle, Operating under the influence, Operating to
     endanger, Citation for violation of motor vehicle law,
     Investigation of accident.  Notice.


     Indictment found and returned in the Superior Court
Department on December 7, 2015.

     A motion to dismiss was heard by Thomas F. McGuire, Jr.,
J., and a motion for reconsideration was considered by him.


     Jessica Heaton, Assistant District Attorney, for the
Commonwealth.
     Jason Green, Committee for Public Counsel Services, for the
defendant.


     DITKOFF, J.  The Commonwealth appeals from an order of a

Superior Court judge dismissing so much of an indictment as

charged the defendant, Brendan W. Ray, with causing serious

bodily injury while operating a motor vehicle recklessly or

negligently and while under the influence of an intoxicating substance, G. L. c. 90, § 24L (1), because of failure to comply with the "no-fix" statute, G. L. c. 90C, § 2.  Concluding that the Commonwealth failed to show that the over ten-month delay was necessary to determine the nature of the violation, and that neither an earlier citation for negligent operation, G. L. c. 90, § 24 (2) (a), nor the nature of the accident provided the defendant with sufficient notice that he would be charged with this crime, we affirm.

1.  Background.  "We adopt the Superior Court judge's factual findings, which we do not disturb absent clear error, and supplement them with uncontroverted details from the record."  Commonwealth v. O'Leary, 480 Mass. 67, 67-68 (2018), citing Commonwealth v. Burnham, 90 Mass. App. Ct. 483, 484 n.1 (2016).  At approximately 10 P.M. on January 23, 2015, an accident involving two cars occurred in the area of Bedford Street in Whitman.  When police arrived at the scene, a blue Volvo with extensive damage was stopped at an angle on the side of the road.  The driver of the Volvo was removed from the car and transferred to a hospital by helicopter for treatment of life-threatening injuries.  A red Jeep (allegedly operated by the defendant) was overturned, lying on its passenger side in the road.  The Jeep had severe damage to its front end, and its hardtop roof and rear passenger-side tire were detached.  A

police detective observed an expired inspection sticker on the Jeep.  Meanwhile, the defendant was seated on railroad ties along the edge of a driveway approximately ten to twenty feet from the Volvo.  The defendant told police that he had no recollection of the accident.  The defendant was profusely bleeding from his mouth, nose, and face, and was transported to the hospital by ambulance.

Police were unable to determine the cause of the accident right away and did not charge the defendant with a crime or issue a citation on the night of the accident.  At approximately 2:13 A.M. that night, a detective went to South Shore Hospital to interview the defendant.  The defendant told the detective that he had no memory of the accident.  He recalled that he was at a friend's house in Bridgewater before the accident but could not remember the name of the friend.  The detective noticed "a slight odor of alcohol coming from [the defendant]" but did not form the opinion that he was intoxicated at that time.  The defendant told the detective that he drank a couple of beers at his friend's house earlier that night.

On January 30, 2015, seven days after the accident, the detective prepared a report stating that the accident was still being investigated.  The detective also reported that the defendant's vehicle, traveling northbound, crossed the center line into the southbound lane and collided with the blue Volvo.

On January 31, 2015, the defendant attempted to retrieve his Jeep at the Whitman police station.  The detective told the defendant that the accident was still being investigated and the Jeep could not yet be released.  The detective again asked the defendant if he remembered the accident.  This time, the defendant recalled that the rear tire detached from the Jeep and he lost control of the vehicle and crashed.  The detective told the defendant that the driver of the Volvo was severely injured and remained in the hospital in a medically-induced coma.  He also told the defendant that criminal charges could be issued as a result of the accident.

In mid-March 2015, the State trooper responsible for the accident reconstruction investigation reported that "the accident was not caused by mechanical failure" and that the tire came off the Jeep as a result of the accident, not prior to the accident.  On March 20, 2015, the detective issued the defendant a motor vehicle citation listing charges of negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a); a marked lanes violation, G. L. c. 89, § 4A; and failure to have the motor vehicle inspected, G. L. c. 90, § 20.  A complaint issued from the District Court, and the defendant was arraigned on the charges on July 15, 2015.

On December 4, 2015, the detective testified before a grand jury.  The defendant's medical records were provided to the

grand jury and indicated that the defendant had a blood alcohol level of .17 at the time of his hospitalization and had also tested positive for marijuana. The grand jury returned an indictment on December 7, 2015, charging the defendant with causing serious bodily injury while operating a motor vehicle recklessly or negligently and while under the influence of intoxicating liquor or drugs, G. L. c. 90, § 24L (1). No citation was ever issued for this charge. The District Court charges were dismissed in favor of the indictment.

The defendant filed a motion to dismiss the indictment for failure to provide him with a motor vehicle citation as required by G. L. c. 90C, § 2. After an evidentiary hearing in which the sole witness was the detective, the judge allowed in part the defendant's motion to dismiss. Concluding that the negligent operation charge listed on the initial citation was properly cited in compliance with G. L. c. 90C, § 2, and that it was a lesser-included offense of the indicted charge, the judge permitted the Commonwealth to proceed on the lesser charge. See Commonwealth v. Flanagan, 76 Mass. App. Ct. 456, 462-463 (2010) (all elements of negligent operation within greater crime under G. L. c. 90, § 24L [1]).[1]

---

[1] The partial dismissal is properly before us pursuant to G. L. c. 278, § 28E, and Mass. R. Crim. P. 15 (a) (1), as amended, 476 Mass. 1501 (2017). See Commonwealth v. Jensen, 459 Mass. 21, 23 (2011). As the defendant has no right of

2.  Statutory framework.  Under G. L. c. 90C, § 2, "[a]
failure to give a copy of the citation to the violator at the
time and place of the [automobile law] violation shall
constitute a defense in any court proceeding for such violation,
except [1] where the violator could not have been stopped or
[2] where additional time was reasonably necessary to determine
the nature of the violation or the identity of the violator, or
[3] where the court finds that a circumstance, not inconsistent
with the purpose of this section to create a uniform, simplified
and non-criminal method for disposing of automobile law
violations, justifies the failure."  Where an exception applies,
the statute commands that "the violation shall be recorded upon
a citation as soon as possible after such violation."  G. L.
c. 90C, § 2.  It is undisputed that the defendant never received
a citation for the charge of causing serious bodily injury by
driving recklessly or negligently and while under the influence
of intoxicating liquor or drugs, G. L. c. 90, § 24L (1).  The
Commonwealth, therefore, had the burden to establish that one of
the three statutory exceptions applied.  See O'Leary, 480 Mass.
at 70; Burnham, 90 Mass. App. Ct. at 485 ("Where . . . the
citation was not delivered at the accident scene, the

_____

interlocutory appeal from the denial of a motion to dismiss, the
propriety of allowing the negligent operation charge to remain
is not before us.  See Doe v. Commonwealth, 435 Mass. 1001,
1001-1002 (2001).

Commonwealth bears the burden to establish the applicability of an exception").  "The statute by its terms requires no showing of prejudice and . . . our courts have concluded that the defendant need not show any actual prejudice from the delay." Commonwealth v. Werra, 95 Mass. App. Ct. 610, 616 (2019).[2]

The Commonwealth does not argue that the first exception justifies the failure to present the defendant with a citation. Indeed, the defendant was stopped at the time of the incident. Accordingly, we turn to the second and third exceptions.

3.  The second exception.  "The second exception to the requirements of G. L. c. 90C, § 2, excuses delayed delivery of a citation where 'additional time was reasonably necessary to determine the nature of the violation.'"  Burnham, 90 Mass. App. Ct. at 486, quoting Commonwealth v. Pappas, 384 Mass. 428, 431 (1981).  Although the citation, issued on March 20, 2015, required additional time for the police to complete their investigation, the same cannot be said for the indictment, issued over ten months after the accident, that charged the defendant with causing serious bodily injury by driving recklessly or negligently and while under the influence of

---

[2] Although this case involves the failure to issue a citation at all, rather than the delay in issuance of a citation, we assume without deciding that the issuance of an indictment followed by service upon a defendant is the functional equivalent of a citation.  See Commonwealth v. Kenney, 55 Mass. App. Ct. 514, 519 (2002).

intoxicating liquor or drugs, G. L. c. 90, § 24L (1).  See Burnham, supra at 487 ("The ongoing nature of an investigation may be a significant factor in discerning the reasonableness of any delay in issuing a citation").

To be sure, it appears that the Commonwealth could not have charged the defendant with causing serious bodily injury by driving recklessly or negligently and while under the influence of intoxicating liquor or drugs until it had secured the defendant's medical records.  Nonetheless, the Commonwealth provided no evidence that these medical records were unavailable to the government until December 2015, other than the detective's belief that he lacked probable cause for a search warrant.  The Commonwealth simply failed to provide any evidence of how and when it obtained the medical records, much less evidence justifying the delay between the District Court arraignment and the Superior Court grand jury presentation.  The absence of such information provides no confidence that the additional time was reasonably necessary.  Accordingly, the motion judge properly found that the Commonwealth failed to show a reasonable justification for any delay in issuing a citation beyond March 2015 under the second exception.

4.  The third exception.  "The third exception to the requirements of G. L. c. 90C, § 2, is a 'safety valve,' which excuses delayed delivery of a citation where 'the court finds

that a circumstance, not inconsistent with the purpose of this section to create a uniform, simplified and non-criminal method for disposing of automobile law violations, justifies the failure.'" Burnham, 90 Mass. App. Ct. at 488, quoting Commonwealth v. Riley, 41 Mass. App. Ct. 234, 236 (1996). We determine the applicability of this exception with reference to the dual purposes of G. L. c. 90C, § 2:  "to prevent 'manipulation or misuse of the citation process because of any unnecessary or unreasonable delay,'" O'Leary, 480 Mass. at 71, quoting Commonwealth v. Cameron, 416 Mass. 314, 316 n.2 (1993), and "to afford prompt and definite notice of the nature of the alleged violation to the putative violator." O'Leary, supra, quoting Pappas, 384 Mass. at 431.

We recognize that, in the face of a serious accident, the failure to comply strictly with the requirements of G. L. c. 90C, § 2, may not be fatal to the Commonwealth's case.  See Burnham, 90 Mass. App. Ct. at 488-489.  In such cases, implicit or explicit notice is "sufficient because the circumstances involved serious injuries to third parties, an arrest of the defendant, more serious charges requiring obvious investigation such as motor vehicle homicide or leaving the scene after causing personal injury, verbal notice from law enforcement that a citation would be forthcoming, actions or statements by a defendant evincing awareness of criminal conduct, or a

combination of these factors." Id. at 489. See Commonwealth v. Moulton, 56 Mass. App. Ct. 682, 685 (2002) (seriousness of accident combined with officer's warning to defendant that citation would be issued was sufficient to provide defendant with implicit notice of violation); Commonwealth v. Kenney, 55 Mass. App. Ct. 514, 519-520 (2002) (seriousness of hit and run accident put defendant on notice of criminal charges despite no citation being issued); Commonwealth v. Barbuto, 22 Mass. App Ct. 941, 943 (1986) (seriousness of hit and run accident, among other things, justified delay in issuing citation). Indeed, "there is no bright-line rule to ascertain whether a particular delay in issuing a citation is justified. Rather, '[e]ach case much be decided on its own peculiar facts.'" Burnham, supra at 485, quoting Commonwealth v. Provost, 12 Mass. App. Ct. 479, 484 (1981).

Under the circumstances of this case, the defendant had neither explicit nor implicit notice of the violation at issue. Our analysis is guided by our decision in Burnham. There, following a single-car accident, the police promptly issued the defendant a citation for operating after the suspension of his driver's license and a marked lanes violation. Burnham, 90 Mass. App. Ct. at 484. More than four months after the first citation was issued, following the defendant's arrest for an unrelated incident, the prosecutor reopened the initial

investigation and, based on the defendant's medical records from the night of the accident, instructed the investigating officer to issue the defendant another citation for operating under the influence of intoxicating liquor. Id. at 484-485. We concluded that the circumstances of the case did not justify delayed delivery of a citation under the third exception because the defendant was not on notice that more serious criminal charges were forthcoming. Id. at 490.

The same is true here. The defendant no doubt had notice of the possibility of criminal charges arising from the accident. Indeed, the detective personally told the defendant in January 2015 that he could be criminally charged for the accident. Nothing, however, provided the defendant with notice that he should have expected to be charged with more serious violations than those charged in the March 2015 citation: negligent operation, a marked lanes violation, and failure to have the motor vehicle inspected. The issuance of a citation for an infraction or a minor criminal charge does not by itself provide implicit notice of a more serious charge. See Werra, 95 Mass. App. Ct. at 616, quoting Burnham, 90 Mass. App. Ct. at 490 (dismissal warranted where "the defendant did not have prompt and definite notice of the offense for which he was charged"). Indeed, the citation issued to the defendant, followed by months of inaction, was more likely to lead the defendant to believe

that no more criminal charges were forthcoming. Moreover, unlike many cases in which we have applied the third exception, the defendant received no oral notice that the new charge was forthcoming. See, e.g., Moulton, 56 Mass. App. Ct. at 683.

Despite the serious injuries resulting from the accident, this is not a case in which those injuries "put the defendant on notice of the potential charges against him and created an ineradicable record of the event." Kenney, 55 Mass. App. Ct. at 520, quoting Commonwealth v. Carapellucci, 429 Mass. 579, 581 (1999). The accident at issue here, "although not a mere fleeting traffic incident, was not so serious standing alone to confer implicit notice on the defendant pursuant to the third exception." Burnham, 90 Mass. App. Ct. at 490. Cases where notice was sufficient have generally involved the analysis of many factors, including but not limited to the seriousness of the injuries. For example, in Kenney, we concluded that it was "inconceivable that the defendant would be unaware of the seriousness of [the] situation," and, therefore, dismissal of the defendant's indictments was not warranted. Kenney, supra at 519, quoting Pappas, 384 Mass. at 431-432. There, the defendant struck a pedestrian with her car and immediately fled the scene of the crime. Kenney, supra at 515.

Here, there is no indication that the defendant had any reason to believe a second charge would be issued more than ten

months after the accident and more than eight months after the initial citation was issued. To the contrary, the defendant reported that he did not remember the accident. The defendant did not flee the scene or express any fear of further prosecution. Moreover, it appears that the investigating detective himself thought that the cited charges would be the extent of the defendant's criminal exposure. We cannot conclude that the defendant would be able to predict the issuance of a new charge, months later, where there is no evidence that the experienced law enforcement professional predicted this outcome. Neither the citation nor the seriousness of the accident provided the defendant with implicit notice that a more serious charge would be forthcoming. Accordingly, the motion judge properly allowed in part the motion to dismiss. The order dated October 31, 2016, is affirmed.

<u>So ordered</u>.